In re Johnnie Samuel MULLINS, Jr. & Elizabeth Jane Mullins, Debtors.

Connie Marie MULLINS, Plaintiff,

v.

Johnnie Samuel MULLINS, Jr., Defendant.

Bankruptcy No. Bk–81–00874.

United States Bankruptcy Court, W. D. Oklahoma.

Oct. 22, 1981.

Wesley C. Fredenburg, Yukon, Okl., for First Nat. Bank of Yukon.

Chuck Moss, Oklahoma City, Okl., for defendant-debtor.

Rick Romano, Oklahoma City, Okl., for plaintiff.

## MEMORANDUM OPINION AND ORDER

DAVID KLINE, Bankruptcy Judge.

### STATEMENT

The plaintiff herein, the ex-wife of the defendant-debtor, asks the court to determine the dischargeability of a debt that is secured by the plaintiff's residence. After notice and hearing, both sides submitted briefs on the dischargeability issue.

### ISSUE

Is the debtor's second mortgage obligation on the residence of the plaintiff, and the children of the plaintiff and the debtor, dischargeable under the terms of the parties' divorce decree?

### FACTS

The plaintiff and the debtor were husband and wife from June 2, 1972 until August 15, 1979, when the District Court of Canadian County, Oklahoma entered a decree of divorce, upon a waiver of the defendant-debtor. Two children resulted from such marriage.

Under the terms of the divorce decree the plaintiff herein was granted custody of the two children; and the plaintiff herein was awarded the home of the parties subject to the first mortgage. Additionally, the defendant-debtor was awarded certain property of the parties and was required to pay a $7,000.00 second mortgage on the residence, payable $180.00 monthly. The decree of divorce states: "... plaintiff be awarded a (sic) alimony judgment against the Defendant for $7,000.00 which represents Second Mortgage on the home ..."

Defendant-debtor was also to "pay as reasonable child support in the amount of $100.00 per child, making a total of $200.00 per month and said child support to increase to $150.00 per child, making a total of $300.00 per month when the Second Mortgage on the property located at 105 Vine, Yukon, Oklahoma is paid off, ..."

The defendant-debtor filed his bankruptcy on May 6, 1981. On June 5, 1981, plaintiff filed her objection and hearing was held on June 24, 1981.

### LAW

Section 523(a)(5) states:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law; or

(B) such debt includes a liability designated as alimony, maintenance, or

support, unless such liability is actually in the nature of alimony, maintenance, or support;"

The Congressional Record indicates:

"Section 523(a)(5) is a compromise between the House bill and the Senate amendment. The provision excepts from discharge a debt owed to a spouse, former spouse or a child of the debtor, in connection with a separation agreement, divorce decree, or property settlement agreement, for alimony to, maintenance for, or support of such spouse or child but not to extent that the debt is assigned to another entity. If the debtor has assumed an obligation of the debtor's spouse to a third party in connection with a separation agreement, property settlement agreement, or divorce proceeding, such debt is dischargeable to the extent that payment of the debt by the debtor is not actually in the nature of alimony, maintenance or support of debtor's spouse, former spouse, or child." 124 Cong. Rec. H 11,095–6 (Sept. 28, 1978); S 17,412–3 (Oct. 6, 1978).

■ The apparent intent and purpose of 11 U.S.C. § 523(a)(5) is to prevent a debtor from discharging his responsibilities to an ex-spouse or children, even to the extent that such support was in the form a debt to be paid to a third party. See *Matter of Smith*, 3 B.R. 224 (E.D.Va.1980), *In re Ingram*, 5 B.R. 232 (N.D.Ga.1980); *In re Fox*, 5 B.R. 317 (N.D.Tx.1980); *In re Henry*, 5 B.R. 342 (M.D.Fl.1980); *In re Diers*, 7 B.R. 18 (S.D.Oh.1980); *Matter of Sturcell*, 7 B.R. 59 (S.D.Oh.1980); *In re Huggins*, 12 B.R. 850 (D.Ks.1981); But see *In re Daiker*, 5 B.R. 348 (D.Mn.1980).

Under Oklahoma divorce law the court has the authority to "make provision for guardianship, custody, support and education of the minor children . . ." 12 Okla. Stat.Suppl. (1980) § 1277. Also the court has the authority to set support to be paid by the non-custodial parent, "(I)f the support and education which the parent having custody is able to give are inadequate . . ." 10 Okla.Stat.Suppl. (1980) § 4.

■ The divorce decree indicated in two clauses that the debt owed on the second mortgage was to be support. In the first instance it awarded the plaintiff herein an alimony judgment in the principal amount of the second mortgage. Moreover, the divorce decree ties the amount of child support directly to the payment of the second mortgage. Upon the payoff of the second mortgage, child support was to be raised to $300.00 per month. Thus the District Court of Canadian County required that this payment of the debt was to be made in lieu of child support.

IT IS THEREFORE ORDERED AND ADJUDGED that:

1. The debt owing the First National Bank of Yukon is non-dischargeable; and

2. The debtor shall continue and keep current payments to the First National Bank of Yukon, including curing default, if any, presently existing.