In re Daniel L. MILLER, Debtor.

Debra J. HUND, Plaintiff,

v.

Daniel L. MILLER, Debtor-Defendant.

Bankruptcy No. 580–1739.

Adv. No. 581–0094.

United States Bankruptcy Court,
N. D. Ohio.

Feb. 22, 1982.

L. Ray Jones, Medina, Ohio, for debtor-defendant.

James B. Palmquist, III, Medina, Ohio, for plaintiff.

## FINDING AS TO DISCHARGEABILITY OF DEBT

H. F. WHITE, Bankruptcy Judge.

A complaint to determine the dischargeability of a debt was filed by Debra J. Hund, hereinafter referred to as Plaintiff, against the debtor, Daniel L. Miller, hereinafter referred to as Debtor. The Plaintiff, the former wife of the Debtor, alleges that she is owed $4,000.00 which is for alimony and support and is therefore nondischargeable under 11 U.S.C. 523(a)(5).

The case was submitted to the Court upon the pleadings, the Separation Agreement, and the Divorce Decree as entered by the Domestic Relations Court of Medina County.

## FINDING OF FACTS

1. The Plaintiff and Debtor were married on December 27, 1973 and one child was born of that marriage. The child was four years old at the time of the divorce.

2. A Separation Agreement was entered into between the parties in February 1979 and a divorce was granted by the Court of Domestic Relations in Medina County on

March 15, 1979 in which the Separation Agreement was incorporated as an order of the court.

3. The Plaintiff was awarded custody of the child and the Debtor was ordered to pay the sum of $50.00 per week for the child unless his weekly salary was reduced, at which time he was to pay no less than $40.00 per week. It appears that the Debtor has complied with said support payments.

4. In paragraph 30 of the Separation Agreement it is provided that the marital home would be transferred to the Plaintiff by Quit Claim deed and the Debtor did transfer the property as required by the agreement.

5. Paragraph 28 of the Separation Agreement provides that "the husband shall be responsible for all debts presently in existence as entered into between the Husband and the Wife, with the exception of the first mortgage upon the parties' marital home. Said mortgage expense shall be the sole obligation of the Wife, and she shall hold and keep harmless the Husband from obligation therein." The agreement expressly provided that Debtor was to pay the second mortgage to United Savings. However, by interlineation, the parties further agreed that if the house were sold: "All said payments, if applicable, are to be paid to wife by check, in the same amount and same period as presently exists as between Husband and United Savings."

6. There was no evidence to indicate whether the debtor ever made any payments to United Savings. However, the Plaintiff did sell the marital home and United Savings was paid from the proceeds of the sale. Therefore, the claim by the Plaintiff in the amount of $4,000.00 was based upon the amount she paid at the time the house was sold. Based upon the agreement between the Plaintiff and the Debtor, the Debtor is to make this payment.

## ISSUE

The issue is whether the second mortgage of United Savings, which the husband agreed to pay, or in the alternative, pay to the Plaintiff should she dispose of the property, is actually in the nature of alimony, maintenance or support under 11 U.S.C. 523(a)(5)?

## LAW

Plaintiff, Debra J. Hund, seeks an Order of this Court determining that a debt owed her by Defendant-Debtor, Daniel M. Miller, is nondischargeable in bankruptcy. The debt in question arose out of the provisions contained in a Separation Agreement between the parties which was thereafter incorporated into the divorce decree. The debt is claimed to be nondischargeable pursuant to 11 U.S.C. Section 523(a)(5).

11 U.S.C. Section 523(a)(5) provides for the nondischargeability of a debt where the debt is "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement."

Under the terms of the separation agreement from which the alleged nondischargeable debt arose, Plaintiff was to make the monthly payments on the first mortgage on the couple's house. The second mortgage to United Savings was to be paid by debtor. The real property itself was to be transferred into Plaintiff's name.

The decree further provided that, in the event Plaintiff sold the house, Debtor was to continue making the payments he would have been making to United Savings on the second mortgage, but instead of making the payments to United Savings, the payments were to go to Plaintiff. Plaintiff sold the house and the United Savings' second mortgage was paid off. No evidence has been submitted which would show whether Plaintiff ever received any payments from debtor pursuant to the Separation Agreement. Plaintiff has claimed that the sum of $4,000.00 is due her under the terms of the divorce decree in question.

The determination as to whether a debt due to a former spouse or child is for

alimony, maintenance or support of the former spouse or child is to be made under bankruptcy laws, not state laws. H.R. Rep.No. 595, 95th Cong. 1st Sess. 364 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

In making this determination, the Court must balance "conflicting policy considerations, that of requiring the bankrupt to fulfill obligations to his ex-wife arising out of the broken marriage contract and that of giving the bankrupt a fresh start unencumbered by burdens of preexisting debt arising from other contracts." *In Warner*, 5 B.R. 434 (Bkrtcy.D.Utah 1980), citing Lee, *Case Comment* 50 Am.Bankr. L.J. 175, 177 (1976). It was the intent of Congress in excepting debts to former spouse or children of the debtor that the debtor's dependents not be left destitute by the discharge in bankruptcy. *In re Cath*, Case No. 580–944, Adv. No. 580–0176 (Bkrtcy.N.D.Ohio 1981); *In re Massimini*, 8 B.R. 428, [1978–1981 Transfer Binder] Bankr.L.Rep. (CCH) ¶ 67915 (Bkrtcy.W.D. Pa.1981).

In *Cath*, this Court noted:

Debts which have been held to be associated with support and maintenance are payments agreed upon by the parties or directed by State Courts to be made upon mortgages involving the home, providing shelter for the beneficiaries. *Poolman v. Poolman*, 289 F.2d 332 (8th Cir. 1961).

See also *In re Massimini, supra*. Thus, the debt in question is one which this Court has earlier stated is one which is associated with support and maintenance.

It is this Court's holding that the debt in question was to be paid by debtor as a means of support for his former spouse and minor child. At the time that the parties were divorced, Plaintiff was unemployed. Debtor, on the other hand, was employed and was earning a very good salary. Plaintiff was awarded custody of the minor child as well as child support but no award specifically denominated "alimony" was awarded her. Payment of the second mortgage by debtor enabled Plaintiff to maintain the home she had been awarded in the separation agreement not only for herself but as well for her minor child.

No evidence has been shown this Court which would show that circumstances are any different now than at the time of the divorce. There is no evidence that Plaintiff has acquired gainful employment since the time of the divorce. However, even if she had, it is highly unlikely that the income she would be receiving from that job would be anywhere close to that received by the debtor through his employment. Additionally, Plaintiff continues to have custody of the minor child, along with the responsibility for the payment of all expenses involved in the care of a child which are not covered by the child support being paid by debtor. All that has changed since the signing of the Separation Agreement is that Plaintiff has sold the real property and has satisfied the debt to United Savings from the proceeds of that sale. The need for support of Plaintiff and the minor child continues, however.

In *Poolman v. Poolman, supra*, a similar situation occurred. The bankrupt was obligated under a Separation Agreement to make the payments under a deed of trust. Upon default by the bankrupt, Mrs. Poolman was required to make these payments. The wife then obtained judgment for these amounts and garnished her former husband's wages. Following the discharge, the bankrupt then sought to restrain further proceedings in the State Court action on Mrs. Poolman's judgment against him due to the discharge in bankruptcy. He was unsuccessful, as the debt was held to be nondischargeable. It was therein stated that:

It is safe to say that the obligation to maintain and support a family includes the obligation to keep a roof over their heads. It is obvious that that is what the bankrupt undertook to do when he agreed to keep up the installment payments on the trust deed upon the home in which his divorced wife and his children were to live. That the obligation has become unduly burdensome cannot be considered in determining the legal effect of his discharge. *Id.* at 335.

The obligation imposed upon debtor by the Separation Agreement and divorce decree to pay the second mortgage either to United Savings or to his former wife is an obligation imposed for the support and maintenance of his former wife and his minor child. Prior to the sale of the house, it enabled Plaintiff to keep the house. With the sale of the house, the obligation enables Plaintiff to obtain and maintain other suitable housing for herself and her minor child.

Therefore, it is the conclusion of this Court that, as the debt owed to Plaintiff is for support and maintenance of Plaintiff and the minor child, the debt is nondischargeable in bankruptcy pursuant to 11 U.S.C. Section 523(a)(5).