In re George THOMAS, Debtor.

Esther C. NEWKIRK formerly known as Esther C. Thomas, Plaintiff,

v.

George E. THOMAS, Defendant.

Bankruptcy No. 82–00560K.
Adv. No. 82–1200K.

United States Bankruptcy Court,
E. D. Pennsylvania.

July 6, 1982.

11. *Id.* at ¶ 4.

12. *See* notes 4 and 5 and accompanying text *supra.*

Lesley Brown Schless, Philadelphia, Pa., for plaintiff.

Marvin A. Goldberg, Philadelphia, Pa., for defendant.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case appears before this Court by way of a complaint to determine the dischargeability of a debt, filed by the plaintiff, Esther C. Newkirk, formerly known as Esther C. Thomas, against the debtor, George E. Thomas.[1] The parties had been married for twenty-three (23) years when the marriage was terminated in 1981 by a Judgment of Divorce, issued by the Superior Court of Bergen County, New Jersey. Incorporated in the decree was an alimony, support and property settlement agreement in which the debtor conveyed to the plaintiff all of his right, title and interest in the marital residence located at 8 Argonne Court, Teaneck, New Jersey. In addition, the debtor agreed to discharge both the second and third mortgages on the property, as well as the arrearages of the first mortgage as of April 1, 1981.

On February 11, 1982, the debtor filed a Chapter 7 Petition in bankruptcy which listed as liabilities certain joint obligations which the divorce court had ordered him to pay, including the aforementioned mortgages. As a consequence of this Chapter 7 Petition, the plaintiff has brought this action in order to prevent the discharge of this obligation, and also seeks relief from the automatic stay in order to obtain the support owed to her, which the debtor has failed to pay.

The sole issue before this Court, therefore, is whether the mortgage payments, which the debtor has been directed to pay as authorized in the divorce decree, are part of a property settlement and are dischargeable debts under Chapter 7 or whether such obligations are in the nature of alimony, support or maintenance and therefore are not dischargeable pursuant to 11 U.S.C. § 523(a)(5).[2] This Court finds that said

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt to a spouse, former spouse, or child of the debtor for alimony to, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement, but not to the extent that . . .
   B) such debts includes a liability designated as alimony, maintenance or support, unless

mortgage obligations are necessary for the support and maintenance of the plaintiff and therefore, are nondischargeable.

■ The debtor, in accordance with Bankruptcy Rule 407, has failed to meet his burden of proving that he is entitled to a discharge of the disputed mortgage payments.[3] The cornerstone of the debtor's argument is his assertion that these payments do not conform to the definition of alimony (or support or maintenance) as enunciated by the Superior Court of Bergen County New Jersey the state of instant jurisdiction. This position is totally without merit. "It has been well settled that what constitutes alimony, maintenance, and support for purposes of nondischargeability is a matter of Federal law." *In re Warner*, 5 B.R. 434, 439 (Bkrtcy.D.Utah 1980).[4] State tribunals ruling on this matter for their own purposes, do not foreclose federal interpretation.

■ In addition, the defendant directs the Court's attention to *In re Woods*, 561 F.2d 27 (6th Cir. 1977) as a "navigational aid." Debtor analogizes that as in *Woods*, because the divorce decree ordered payment of the second and third mortgages (as well as the arrearages of the first mortgage) in the midst of provisions allocating property between the parties, failed to specify the character and method of payment, and contained no indication that it was intended to balance the relative incomes of the parties, this constituted a property division and is therefore dischargeable in bankruptcy. However, the debtor has overlooked one fatal flaw: the debts discharged in *Woods* were not mortgages, but bills largely due on household furnishings. These obligations are obviously in the nature of a property settlement, not maintenance and support. As discussed in *In re Brace*, 13 B.R. 551 (Bkrtcy.N.D.Ohio 1981), obligations to pay

bills unlike mortgages, incurred during a marriage and assumed by the debtor too tenuously and indirectly benefit the plaintiff spouse to be considered in nature of support. Clearly, therefore *Woods* is inapposite.

As a consequence of the debtor's failure to meet this burden of proof, the plaintiff has maintained her prima facie case that mortgage payments constitute maintenance and support and are nondischargeable debts in bankruptcy. The underlying rationale which supports this position is well founded in both case law and legislative intent.

■ In determining whether the debt in question is in the nature of support or a property settlement, the substance of the liability must be examined, rather than the form. In short, one must look beyond the four corners of the document, especially for evidence of the relative financial needs and abilities of the parties. "Under modern law, a duty of support between the spouses is not presumed, but is imposed, based upon *relative need* length of marriage . . . and so forth." (Emphasis supplied). *In re Warner*, 5 B.R. 434, 442 (Bkrtcy.D.Utah 1980).

■ When applied to the facts at hand, it is apparent that the debtor's agreement to discharge the second and third mortgages as well as the arrearages of the first mortgage, constitutes support. At the time of the divorce, the defendant earned in excess of $40,000 annually while the plaintiff was unemployed, in poor health and advanced in age. She has little prospect of being gainfully employed, now or in the future. Consequently, she is barely able to meet the payments of the first mortgage. The increased burden of the obligations which the debtor is attempting to discharge if shifted to her, would be financially devastating. Substantively therefore in light of relative

---

such liability is actually in the nature of alimony, maintenance or support.

3. "Bankruptcy Rule 407 places the burden of proving that the obligations imposed by the divorce decree are in the nature of alimony payments upon the party objecting to the discharge. However, after the objecting spouse makes a prima facie case, it is incumbent upon

the debtor to show that he is entitled to a discharge of the disputed debt." *In re Daviau*, 16 B.R. 421, 424 (Bkrtcy.D.Mass.1982).

4. See, also *In re Albin*, 591 F.2d 94 (9th Cir. 1979) and *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1978).

need, these payments by the debtor unquestionally constitute support and maintenance.

This Court is also aided in determining whether such mortgage payments qualify as support through an application of the spirit of the law as defined in 11 U.S.C. § 523. It was the primary intention of Congress that this provision would make "... nondischargeable any debts resulting from an agreement by the debtor to hold the debtor's spouse harmless on joint debts, to the extent that the agreement is in payment of alimony, maintenance, or support."[5] It is undeniable that George E. Thomas entered into such an agreement with Esther C. Newkirk in the form of a divorce decree. In conjunction with the foregoing analysis concerning relative need, the existence of the divorce decree in which George E. Thomas agreed to hold Esther C. Newkirk harmless with respect to these joint debts reinforces this Court's determination that the payment of the second and third mortgages as well as the arrearages of the first mortgage constitute support and maintenance and are consequently nondischargeable.

 Several Bankruptcy Courts have similarly held. Almost on point is *In re Miller*, 17 B.R. 773 (Bkrtcy.N.D.Ohio 1982). There, as here, the debtor-husband was to pay the second mortgage, and to transfer title of the house to his former spouse. In light of the fact that the husband's income was the source of support of the wife at the time of the divorce, the Court determined that the payment of the second mortgage was an obligation of support and, accordingly, a nondischargeable debt. Specifically, it held that "debts which have been held to be associated with support and maintenance [include] payments agreed upon or directed by State Courts to be made upon mortgages involving the home, providing shelter for the beneficiaries." *Id.* at 775. Therefore, it is reasonable to hold that the obligation to maintain and support a family

includes an obligation to keep a roof over their heads. *In re Henry*, 5 B.R. 342 (Bkrtcy.M.D.Florida 1980).

As a result, this Court finds that the debtor's obligations to the second and third mortgages as well as the arrearages on the first mortgage prior to April 1, 1981, on the property at 8 Argonne Court, Teaneck, New Jersey, are nondischargeable pursuant to 11 U.S.C. § 523(a)(5).

---

5. House Report No. 95–595, 95th Cong., 1st Sess. 364 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5787, 6320.