**In re Robert D. (Deweese) BURNS, Debtor.**

**Bankruptcy No. BK–80–00681.**

United States Bankruptcy Court, W. D. Oklahoma.

July 26, 1982.

Douglas Eason, Oklahoma City, Okl., for debtor.

Herbert M. Graves, Oklahoma City, Okl., for Evelyn J. Burns.

---

## MEMORANDUM ORDER

ROBERT L. BERRY, Bankruptcy Judge.

### Statement of the Case

This matter comes before the Court on the Debtor's application to determine the dischargeability of an obligation incurred by virtue of a divorce decree. The debtor asserts that this obligation to make certain real property mortgage payments is in the nature of a property settlement and, therefore, dischargeable under the provisions of 11 U.S.C. § 523(a)(5). The debtor's former spouse, however, claims the obligation to be in the nature of support and thus not dischargeable.

### Facts

On August 7, 1979, a Decree of Divorce issued by the District Court of Blaine County, Oklahoma, was filed dissolving the marriage of the debtor, Robert D. Burns, and the respondent, Evelyn J. Burns. That decree provided in pertinent part:

"THE COURT FURTHER FINDS that heretofore and on the 5th day of April, 1953, the said plaintiff and defendant were lawfully married at Geary, Oklahoma, and that they have ever since remained husband and wife; and that of the marriage four (4) children have been born, all of whom are now of the age of majority."

\*   \*   \*   \*   \*   \*

"THE COURT FURTHER FINDS that the said parties have accumulated some real estate and personal property through their joint efforts during their marriage; and that the said parties have heretofore entered into a written agreement pursuant to which they have settled and adjusted between themselves all of their mutual property rights, a true and correct copy of which Property Settlement Agreement is attached to this decree and marked Exhibit "A".

THE COURT FURTHER FINDS that the settlement agreement entered into by and between the parties hereto is fair and reasonable and that the same should be in all things approved and confirmed, and that the said agreement, which is hereto attached, marked Exhibit "A", should be made a part of this decree."

\*   \*   \*   \*   \*   \*

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that the property settlement agreement heretofore entered into between the parties hereto be, the same is hereby in all things approved and confirmed; and that the said agreement, a copy of which is hereto attached, marked Exhibit "A", be, the same is hereby made a part of this decree; that pursuant thereto the plaintiff is awarded the right to the use and occupancy of the home of the parties which is located at 103 S.

Galena in the City of Geary, Oklahoma, together with all of the household furnishings and appliances located therein, and said defendant is hereby restrained and enjoined from interfering with plaintiff's peaceable use and occupancy thereof.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that pursuant to said agreement the defendant should be and is hereby ordered and directed to pay all liens and incumbrances which exist against the home of said parties and the 1977 Chevrolet automobile awarded to plaintiff together with any and all outstanding indebtedness of the parties hereto existing at the time of this decree."

The property settlement agreement referred to by the above Divorce Decree contained the following pertinent provisions:

"WHEREAS, it is their desire to reduce to writing their agreement concerning the division of their property prior to their divorce hearing.

"IT IS AGREED AS FOLLOWS:

"1. The Plaintiff shall have the right to the use and occupancy of the home which is located at 103 S. Galena in the City of Geary, Oklahoma for and during her natural life. It is further agreed she will have full possession of all furniture and appliances located therein.

"It is further understood and agreed between the parties concerned that defendant will pay all liens and encumbrances which consist of a First Mortgage to Pool Mortgage Company of Chickasha, Oklahoma, which is made by monthly payments and a Second Mortgage that is held by First National Bank of Calumet, Calumet, Oklahoma.

"It is further agreed that at any time all liens and encumbrances have been satisfied on above mentioned real estate a warranty deed will be signed and delivered by both parties in equal parts to all living children, which at the present time consists of James Robert Burns, LaDonna Austin, John Burns and Benjamin Burns. It is further agreed that the above prop-

erty cannot be sold, mortgaged or put in any indebtedness in any way as long as defendant or plaintiff in this case is living."

On April 15, 1982, Robert Burns filed a voluntary petition under Chapter 7 of the Bankruptcy Code. At that time there was pending before the Oklahoma District Court of Blaine County, Oklahoma, a hearing on a Citation for Contempt issued on April 2, 1980, by that court in connection with the divorce action.

On April 16, 1980, the debtor was found guilty by the state court of willful, indirect contempt for failure to make payments as provided in the divorce decree and was sentenced to one year in the county jail. The court also imposed a fine of $500.00 and awarded $500.00 in attorney fees against the debtor. It was further provided, however, that the debtor could purge himself of the imprisonment portion of the sentence and $400.00 of the fine upon making restitution of $4,470.82. The debtor was then incarcerated in the Blaine County Jail.

That same day, the debtor, through his attorney, filed an Application for a Writ of Habeas Corpus with this Court under the provisions of 28 U.S.C. § 2256 alleging that the debts involved in the contempt action were dischargeable in bankruptcy. On April 18, 1980, this Court granted the debtor's application and ordered his release pending a final determination of the dischargeability of the debts involved.

*Law*

The debtor contends that the obligations imposed upon him by the Divorce Decree are dischargeable in bankruptcy. 11 U.S.C. § 523 provides in pertinent part:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

\*       \*       \*       \*       \*       \*

"(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation

agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;"

■ The respondent contends that the issue of dischargeability can only be resolved as to support alimony by the state court. According to the Bankruptcy Code's legislative history, House Report 95–595, 95th Cong., 1st Sess. (1977), p. 364, U.S.Code Cong. & Admin.News 1978, p. 5787, however, "What constitutes alimony, maintenance, or support, will be determined under the bankruptcy laws, not State law."

■ It is clear from the above quoted section that the form of the document giving rise to the debt is irrelevant. The mere fact that the debtor's obligation to make mortgage payments was based on a "Property Settlement Agreement" subsequently incorporated into a divorce decree does not, in and of itself, render the debt dischargeable in bankruptcy as being in the nature of property settlement as opposed to support. Rather, it is the underlying purpose of the debt itself that is the key factor in determining dischargeability. See *In re Ferradino*, 14 B.R. 196 (Bkrtcy.D.Nev.1981).

The respondent urges that the debtor's obligation to make the mortgage payments is in the nature of support. The respondent relies particularly on the case of *In re Mullins*, 14 B.R. 771 (Bkrtcy.W.D.Okl.1981) decided by the Honorable David Kline, Bankruptcy Judge of this district. In that case a debtor's obligation to make mortgage payments on his former wife's residence under a divorce decree, was held to be not dischargeable in bankruptcy. In *Mullins*, the debtor had been ordered to pay a $7,000.00 second mortgage on a residence which had been awarded to the wife. These mortgage payments amounted to $180.00 per month. The debtor was further ordered to pay

$100.00 per month as child support for each of the parties' two minor children. The divorce decree also provided that when the mortgage had been paid in full, the child support payments were to increase by $50.00 per month per child. Under these facts, Judge Kline correctly concluded that the mortgage payments were so directly connected to the child support payments that the divorce court must have intended the mortgage payments to be in lieu of child support and therefore not dischargeable.

In the instant case, however, we have a completely different set of circumstances. First of all, there are no minor children requiring support. Secondly, neither the property settlement agreement nor the divorce decree gives any indication whatever that the mortgage payments were in any way intended to be for support of the debtor's former spouse.

While it might be argued that the debtor's obligation was intended to provide his former wife with a place to live, this argument fails in the face of the rather unique provisions of the agreement and decree. Under those provisions the respondent was not awarded the residence in fee, she was merely awarded "the right to the use and occupancy of the home ... for and during her natural life." The agreement also provided that "at any time all liens and incumberances have been satisfied on (sic) above mentioned real estate a warranty deed will be signed and delivered by both parties in equal parts to all living children." Thus, if the debtor had immediately satisfied the indebtedness on the residence, his former wife would have been required to convey her interest in the property to the children thereby terminating her rights in the property. This court fails to see how such a property right as was awarded to the respondent, as defeasible as it was, could have been intended for support.

### Conclusion

■ Upon consideration of the foregoing facts and legal authorities, this Court con-

cludes that the debtor's obligations, under the Property Settlement Agreement and Divorce Decree, do not represent alimony, maintenance or support with the meaning of 11 U.S.C. § 523 and are, therefore, discharged in bankruptcy. This Court further believes, as a matter of equity, and to further effect the intent of the Property Settlement Agreement and decree the debtor should convey his interest in the property to the children as provided in said agreement.

IT IS SO ORDERED.