**In re Joe David JONES, Debtor.**

**Joe David JONES, Plaintiff,**

v.

**Margaret Weston JONES, Defendant.**

Bankruptcy No. 82–21347.
Adv. No. 83–0078.

United States Bankruptcy Court,
W.D. Tennessee, W.D.

Feb. 22, 1983.

Arnold Goldin, Memphis, Tenn., for defendant.

William A. Cohn, Memphis, Tenn., for plaintiff.

George W. Stevenson, Memphis, Tenn., trustee.

## MEMORANDUM ORDER RE OBJECTION TO CLAIM OF MARGARET W. JONES

DAVID S. KENNEDY, Bankruptcy Judge.

This cause came on to be heard on January 24, 1983, upon the objection filed by the plaintiff, Joe David Jones ("Debtor"), to the proof of claim filed by the defendant, Margaret Weston Jones ("Margaret Jones"), for $8,075.00. After hearing the testimony presented, oral arguments of counsel and from the entire record herein, the court makes the following findings of fact and conclusions of law under Bankruptcy Rule 752(a).

Debtor is the former husband of Margaret Jones. On February 26, 1979, a "Prop-erty Settlement And Child Custody Agreement" was entered into between the parties; and this agreement was subsequently judicially approved and incorporated into the final decree of divorce on April 4, 1979, in the Chancery Court of Crittenden County, Arkansas, by the following ordering clause:

> "That the Property Settlement And Child Custody Agreement entered into by and between the plaintiff and defendant on the 26th day of February, 1979, is hereby made a part of this Decree as though set out herein word for word."

Several provisions within the "Property Agreement" specify the items of property to be divided between the parties and more pertinent for the instant matter, states specifically as follows:

> "(3) It is agreed by and between the parties that the husband shall pay notes on the 1976 Ford automobile and the 1969 Chevrolet automobile, and that the wife will execute title and necessary documents to the 1969 Chevrolet when paid off and that the husband will execute title and all necessary documents to the 1976 Ford when paid off."

The court approved agreement further gives custody of the parties' two minor children to Margaret Jones with the debtor to pay monthly child support payments to Margaret Jones for the childrens' benefit. Alimony per se is not stated in the agreement, but neither does either party waive the right to future alimony or support.

Subsequently the debtor moved to Memphis, Tennessee; and on November 18, 1981, Margaret Jones filed in the Chancery Court of Shelby County, Tennessee, a "Petition To Enroll And Enforce Foreign Decree And To Reduce Arrearages To Judgment", alleging past due child support payments and a judgment for the reasonable value of the 1976 Ford automobile which was previously repossessed by the Bank.

On January 6, 1982, Chancellor Wil Doran entered an "Order Enrolling And Enforcing Foreign Decree And Reducing Arrearages To Judgment", apparently by default, that provided for a judgment for past due child support arrearages and

"(2) The judgment is entered in favor of the plaintiff, Margaret W. Jones, and against the defendant, Joe David Jones, in the sum of Three Thousand Seven Hundred Dollars ($3,700.00) for the value of the 1976 Ford automobile which defendant was ordered to purchase for the benefit of plaintiff and that *this sum shall be treated like any other civil judgment entered by this court.*" (Emphasis added.)

Upon the motion of the debtor to set aside the default judgment by Chancellor Doran, a full hearing was held on March 3, 1982, and the prior January 6, 1982, judgment was modified as to the judgment on the past due child support payments only.[1]

On or about April 5, 1982, and no timely appeal having been filed, Margaret Jones requested the Clerk of the Shelby County Chancery Court to issue a garnishment for the judgment against the debtor, whereupon the debtor on April 22, 1982, filed an original petition under Chapter 13 of the Bankruptcy Code of 1978 with an accompanying wage earner plan proposing to pay 10% to all unsecured claimants. Margaret Jones has heretofore filed a proof of claim for $8,075.00 consisting of $4,375.00 of past due child support payments and the $3,700.00 April 6, 1982, judgment by the Chancery Court of Shelby County, Tennessee, on the 1976 Ford automobile.

Debtor now objects to Margaret Jones' claim. The $4,375.00 judgment re child support is not in dispute, and the only issue for the court to resolve here is whether the $3,700.00 judgment re the 1976 Ford automobile is an unsecured claim to which the debtor proposes to pay only 10% of the claim under the wage earner plan or is it a nondischargeable claim under 11 U.S.C. § 523(a)(5) requiring 100% payment.

Debtor contends under the Final Decree of Divorce that the $3,700.00 claim is only an unsecured dischargeable claim because the Ford car was given to Margaret Jones as a result of the "property division" between the parties. Debtor states that the car (or car payments) was not alimony or child support, but merely a division of the parties' jointly owned property at the time of the divorce.

Margaret Jones contends by her answer filed heretofore that the property settlement agreement does not state alimony per se and that the payment of the car note was essential for her to have a car for the benefit of herself and the two minor children and, therefore, should be considered in the nature of alimony or child support. Margaret Jones further objects to the 100% payment of a car note for the debtor's second wife, Teresa Jones, through the wage earner plan. Debtor counters that the 1976 Ford car was not essential for Margaret Jones' transportation as she had other means and he never intended to give her any form of alimony—only to divide their joint properties. On the other hand, he contends that when he divorced Teresa Jones, the payment of her car notes was expressly alimony and the car was the only money or property he was giving to Teresa Jones in the divorce settlement.[2]

Under 11 U.S.C. § 523(a)(5) a debtor may not discharge a debt or any part of it:

"(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement, but not to the extent that—

\*    \*    \*    \*    \*    \*

---

1. This court in Adversary Proceeding No. 82–2638 herein has previously ruled on the dischargeability under § 523(a)(5) of the past due child support payments by this Court's Memorandum Order entered on September 3, 1982, and the September 3rd order is currently on appeal to the Honorable Judge Harry W. Wellford sitting for the Western District of Tennessee. This adversary proceeding involves Mary Weston, the mother of Margaret Jones.

2. The court notes that the Debtor's testimony re these facts is indeed self-serving and will take into consideration this fact, but due to the fact Margaret Jones did not testify, all facts not denied in Margaret Jones answer, or apparent from the state court documents are basically uncontroverted.

"(B) such debt includes a liability designated as alimony, maintenance or support, unless such liability is actually in the nature of alimony, maintenance or support;"

The Final Decree of Divorce in which the Property Settlement was merged does not designate alimony or maintenance, but does designate monthly child support payments for the parties' two minor children. The court must determine if under 11 U.S.C. § 523(a)(5) the payment of the car notes of the 1976 Ford automobile and subsequent state judgment due to nonpayment of such notes can be considered as "in the nature of alimony or maintenance" for Margaret Jones or *additional* child support for the minors despite the designated monthly amounts.

█ The legislative history makes clear that what constitutes alimony, maintenance and support for purposes of dischargeability is a matter of federal law. Further, the legislative history of § 523 makes clear "what constitutes alimony, maintenance, or support, will be determined under bankruptcy laws, not State law". H.Rep. No. 95–595, 95th Cong. 1st Sess. 364 (1977), U.S. Code Cong. & Admin.News 1978, 5787, at 6320. *In re Massimini,* 8 B.R. 428, 439 (Bkrtcy.W.D.Pa.1981).

The bankruptcy courts have consistently held that the "... courts will look to the substance of the final agreement or final decree dissolving the marriage rather than the label the parties elected to use or the court placed on the particular obligation." *In re Usher,* 442 F.Supp. 866 (N.D.Ga.1977). The Court must look to the questioned payments to determine if the underlying obligation is imposed for the support of the wife or children.

█ The Court is convinced that child support payments were specifically set out in the property settlement agreement and also the provision for modification of such. The car notes were not additional child support payments or in the nature of such. The judgment may then only stand if it is to be considered in the nature of alimony.

The majority of the courts agree that mortgage payments are in the nature of support and maintenance as "... support includes a roof over the childrens' heads." *Matter of Newman,* 15 B.R. 67, 69 (Bkrtcy. M.D.Fla.1981), see also *In re Massimimi,* supra; *Hawkins v. Hawkins,* 25 B.R. 430, 1 T.B.S. 23–5 (Bkrtcy.E.D.Tenn.1982); *In re Kelley,* 4 B.C.D. 648 (Bkrtcy.M.D.Tenn. 1978); *In re Miller,* 17 B.R. 773 (BkrtcyN.D. Ohio 1982); *In re Henry,* 5 B.R. 342 (Bkrtcy. M.D.Fla.1980); *In re Mullins,* 14 B.R. 771 (Bkrtcy.W.D.Okl.1981); *In re Thomas,* 21 B.R. 571 (Bkrtcy.E.D.Pa.1982). A few courts have upheld the contra view that *even* mortgage payments are not in the nature of support or maintenance. See *In re Burns,* 21 B.R. 909 (Bkrtcy.W.D.Okl. 1982).

The decision would be clearer here if the car notes were in the nature of a "hold harmless agreement" as these types of agreements have been considered by some courts to be nondischargeable debts and "... intended as [an] integral and inseparable part of necessary maintenance and support for wife and child". *In re Coil,* 680 F.2d 1170, 1171 (7th Cir.Ill.1982). This is not the fact situation in the instant case and in *Coil* supra, the Seventh Circuit further states that "[a]n indebtedness in the divorce decree that merely divides the marital property, however, is dischargeable. *In re Maitlen,* 658 F.2d 466 (7th Cir.Ill.1981)." *In re Coil,* supra, at 1171.

In the case of *Matter Of Newman,* 15 B.R. 67 (Bkrtcy.M.D.Fla.1981), a debtor sought to have a mortgage note and a car payment under a divorce decree from his former wife declared to be dischargeable debts. The property settlement agreement made no provision for alimony, and the wife even testified that the car was needed for transportation. The court in *Newman* ruled that the home mortgage payments were necessary support for the ex-wife and children, but the car notes did not fall in the same category. The court further states that an automobile is not essential and not in the nature of support, but it is in the nature of a property settlement. In the

case of *In re Frey,* 13 B.R. 12, 15 (Bkrtcy.S. W.Ind.1981), the court states in regard to the default of mobile home payments required to be paid under a Final Decree of Divorce that "[w]hile defendant's default is reprehensible, it is not a breach of an obligation of support or maintenance." In a case decided by the Bankruptcy Appellate Panel for the 9th Circuit, the Panel states that furniture notes to be paid by a former spouse under a property settlement is an "equitable division of community property" and since no testimony was ever submitted to dispute this fact, the furniture payments are dischargeable debts. *In re Sarner,* 22 B.R. 63 (Bkrtcy.App. Panel, 9th Cir.1982). See also *In re Brace,* 13 B.R. 551 (Bkrtcy. N.D. Ohio, 1981).

The court considering the weight of these opinions reluctantly concludes in the instant proceeding that the 1976 Ford automobile judgment is in the nature of a division of property by the debtor and his former spouse, Margaret Jones, and not support, alimony, or maintenance for the ex-wife. This court agrees with the Indiana court in *Frey,* supra, the default by this debtor toward his ex-wife is regrettable, but it is not, under these circumstances, a debt that is nondischargeable under 11 U.S.C. § 523(a)(5). The court concludes, under the circumstances, that the parties equitably divided their properties with one spouse retaining one car and the other spouse retaining the second car. No provision was made in the agreement to hold Margaret Jones harmless for the 1976 Ford automobile debt if the debtor ever defaulted on it. Additionally no evidence has been submitted by Margaret Jones to refute these findings by the court. The $3,700.00 judgment is an unsecured claim held by Margaret Jones and shall be treated as such under the debtor's conditionally confirmed wage earner plan.

IT IS THEREFORE ORDERED:

1. That the $3,700.00 judgment on the 1976 Ford automobile is hereby deemed an unsecured claim of Margaret Jones.

2. That the claim of Margaret Jones for $8,075.00 is a mixed claim of which $4,375.00 has heretofore been determined by the parties to be nondischargeable under 11 U.S.C. § 523(a)(5) and $3,700.00 is an unsecured claim upon which only payment of 10% on the claim is proposed at this time.[3]

---

**3.** It should be noted that the discharge under 11 U.S.C. § 1328 is not entered in Chapter 13 cases until after completion of all payments under the plan.