**In the Matter of Harry ALLSHOUSE, Debtor.**

**Mary ALLSHOUSE, Plaintiff,**

v.

**Harry ALLSHOUSE, Defendant.**

Bankruptcy No. 82–3200.
Adv. No. 83–0083.

United States Bankruptcy Court,
W.D. Pennsylvania.

Oct. 31, 1983.

William K. McCarter, Willoughby, Ohio, for plaintiff.

David F. Megnin, Kittaning, Pa., for defendant.

### MEMORANDUM OPINION

GERALD K. GIBSON, Bankruptcy Judge.

The matter presently before the Court is a complaint filed by former spouse of debtor herein to determine the dischargeability of certain debts arising from a Judgment Entry of Divorce. Plaintiff contends that all sums owed to her by Debtor are for child support and alimony in accordance with the judgments of the domestic relations court. Defendant argues that the sums owed to her are not founded upon a claim excepted from discharge under 11 U.S.C. § 523(a)(5).

For the reasons that follow, the Court is satisfied that the debts here in question are in the nature of alimony, maintenance and support, and are therefore non-dischargeable by virtue of § 523(a)(5).

The parties have agreed to waive an evidentiary hearing, and have submitted the matter for decision on the basis of briefs

and a joint exhibit consisting of selected portions of the record from the divorce proceedings.

The facts are briefly as follows. Plaintiff and Defendant were married in Bedford, Ohio on July 9, 1960. Three children were born of the marriage; two of whom are presently minors. On or about November 16, 1981, a Judgment Entry of Divorce was entered in the case of Mary Allshouse v. Harry Allshouse, Case No. 81 DR 0441 in the Court of Common Pleas, Division of Domestic Relations, Lake County, Ohio. Pursuant thereto, custody of the minor children was awarded to the wife.

The Judgment Entry of Divorce provided in pertinent part as follows:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that until further order of court, the defendant pay to the plaintiff for the support of the minor children the sum of Thirty-Five Dollars ($35.00) per week per child plus one-half of the necessary medical and dental expenses, including drugs and appliances prescribed by a physician, plus poundage, through the Bureau of Support. Said child support payments are to continue through minority unless enrolled in high school in which event payments shall continue until the children are no longer enrolled in high school. After one year the child support shall automatically increase to Forty Dollars ($40.00) per week per child. All other increases will be subject to further orders of the court upon proper motion filed for change of circumstances. . . .

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the wife agrees to waive on the records of the Bureau of Support any and all arrearages showing thereon which are attributed to house payments which the husband was ordered to pay and which he has not paid. Parties further agree that all arrearages showing for purposes of child support shall be brought forward and enforced by the Bureau of Support. . . .

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff be and she is hereby awarded the defendant's interest in the real property at 6192 Carolyn Drive, Mentor, Ohio, and the defendant is ordered to execute a deed in favor of the plaintiff to said real property. The wife will pay and hold the husband harmless on the first mortgage payments owed to Ohio Savings which have an approximate balance of $44,-000.00, monthly payments being $411.00. The husband will pay and hold the wife harmless from the second mortgage upon said premises which has a balance of approximately $8,000.00, payable monthly at $160.00. This second mortgage has three more years in which to run.

The pre-trial statements filed by Plaintiff and Defendant in the Court of Common Pleas, Division of Domestic Relations indicate that Plaintiff and Defendant had gross monthly income of $1085. and $1421. respectively.

On August 3, 1982 Plaintiff filed a Motion Ex Parte for Order of Conveyance (Civil Rule 20) wherein it sought husband's conveyance of the marital residence pursuant to the Judgment Entry of Divorce. On that date, Plaintiff also filed a Motion for Order of Contempt wherein fines against Defendant in the amount of $2,000 were sought. On October 1, 1982, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

Hearing on the Motion for Contempt was set for February 24, 1983. The Court of Common Pleas denied Defendant's motion for a stay of the proceedings. This Court has been supplied with no further information regarding the contempt proceedings, and for that reason will not consider the issue of fines sought therein.

On August 11, 1982, the Court of Common Pleas further entered an Order entitled Judgment Entry Vesting Title to Real Estate, which provides as follows: "It is therefore ordered, adjudged and decreed that the judgment shall have the operation and effect of a deed from defendant Harry Allshouse to Mary Allshouse on the property known as 6192 Carolyn Drive, Mentor Ohio . . . It is ordered that the Plaintiff be

granted judgment for attorneys fees in the sum of $200. and her costs herein."

In its brief, Plaintiff argues that the obligation of the Defendant to pay the second mortgage upon the real estate and to hold the wife harmless thereon is not dischargeable in bankruptcy. Plaintiff further contends that Defendant's obligation for past due child support, and attorneys fees specified in the aforementioned Order of Court dated August 11, 1982 are not dischargeable in bankruptcy.

In its brief, Defendant concedes that the child support arrearages are non-dischargeable. However, Defendant seeks the entry of an order declaring that his obligation under the Judgment Entry of Divorce to pay the second mortgage, as well as counsel fees in connection with the enforcement of the Judgment Entry of Divorce, are dischargeable and that the wife is barred from pursuit of fines against Defendant.

The Court now turns to the provisions of § 523 which provide as follows:

§ 523. Exceptions to discharge.

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

■ It is clear that a determination of whether a debt due a former spouse is for alimony, maintenance or support must be made under federal bankruptcy law, not state law. H.R.Rep. No. 595, 95th Cong. 1st Sess. 364 (1977), U.S.Code Cong. & Admin. News 1978, p. 5787. Further, the Bankruptcy Court is not bound by the characterization contained in the decree of divorce, *In re Williams*, 703 F.2d 1055 (8th Cir.1983); but rather must look behind the form to the substance of the agreement in order to determine whether the obligations are necessary for the maintenance of the spouse and children. *In re Kiggins*, 26 B.R. 821 (Bkrtcy.N.D.Ohio 1983).

The precise issue before the Court has been the subject of numerous recent opinions. The case of *In re Thomas*, 21 B.R. 571 (Bkrtcy.E.D.Pa.1982) presents a factual situation nearly identical to that at bar. Therein, the divorce decree incorporated alimony, support and a property settlement agreement requiring debtor-husband to convey his interest in the marital residence to the wife. Husband was also obligated to discharge the second and third mortgages thereon. In its determination of whether or not the mortgage payments were a part of a property settlement or in the nature of alimony, the Court held that the mortgage obligation was necessary for the support and maintenance of the spouse and was therefore non-dischargeable.

■ Moreover, there is widespread agreement that a spouse's obligation pursuant to a divorce decree to make mortgage payments upon the marital residence occupied by the ex-spouse and minor children is clearly in the nature of support and maintenance and is therefore non-dischargeable under § 523(a)(5). *Matter of Hughes*, 16 B.R. 90 (Bkrtcy.N.D.Ala.1981), *In re Hawkins*, 25 B.R. 430 (Bkrtcy.E.D.Tenn.1982), *Matter of Gentile*, 16 B.R. 381 (Bkrtcy.S.D. Ohio 1982), *In re Voss*, 20 B.R. 598 (Bkrtcy. N.D.Iowa 1982), *In re Henry*, 5 B.R. 342, 2 C.B.C.2d 726 (Bkrtcy.M.D.Fla.1980), *In re Burns*, 21 B.R. 909 (Bkrtcy.W.D.Okl.1982); and *In re Miller*, 17 B.R. 773 (Bkrtcy.N.D. Ohio 1982). "Providing shelter for an ex-spouse is clearly in the nature of alimony as support and maintenance of the former spouse." *In re Zimmer*, 27 B.R. 132, 134 (Bkrtcy.S.D.Ohio 1983).

Further, it is of no consequence that the agreement contains a "no alimony" provision, for the language in the agreement is

not determinative. *Matter of Gentile, supra.* p. 383.

█ Finally, with regard to the attorneys fees awarded to wife in Order of August 11, 1982 as a result of Defendant's failure to convey his interest in the marital residence to the wife in accordance with the Judgment Entry of Divorce, the Court is satisfied that the fees are in the nature of child support and maintenance, and other courts have so held. *In re LaFleur,* 11 B.R. 26 (Bkrtcy.D.Mass.1981); *Matter of Romano,* 27 B.R. 36 (Bkrtcy.M.D.Fla.1983).

Based upon the foregoing, the Court concludes that Defendant's obligations to make payments upon the second mortgage as ordered in the Judgment Entry of Divorce dated November 16, 1981; as well as the attorney's fees awarded in the Order of August 11, 1982 are non-dischargeable on the basis of § 523(a)(5).