William J. RUHE, Jr., Appellant,

v.

Elizabeth Jane ROWLAND, Appellee.

No. 05–85–00578–CV.

Court of Appeals of Texas, Dallas.

Feb. 13, 1986.

**710**

Steven G. Condos, Dallas, for appellant.

Robert J. Matlock, Dallas, for appellee.

Before WHITHAM, GUILLOT and HOWELL, JJ.

WHITHAM, Justice.

Appellant-husband, William J. Ruhe, Jr., appeals from a judgment in favor of the appellee-wife, Elizabeth Jane Rowland, for unpaid child support. We overrule both of the husband's two points of error and affirm.

In his first point of error, the husband contends that the trial court was in error in failing to recognize that an agreement of the parties allegedly announced in open court on October 13, 1983, was an enforceable settlement and compromise agreement regarding the issue of child support. In order to understand our disposition of this point, a brief factual background should be considered. After the parties were divorced in 1981, there were two separate sources of the husband's liability for $1,000 per month in child support: first, an agreement incident

to divorce and second, a judgment signed on May 29, 1981. Following May 29, 1981, the record reflects that on October 13, 1983, the child support payments of $1,000 per month were ordered reduced to $320 per month. This order only affected one source of the husband's liability, the judgment. The court did not have authority to modify the terms of the settlement agreement relating to child support in the absence of fraud, accident or mistake except by consent of the parties because the duty to make support payments arises from an agreement of the parties, and their rights and obligations in that respect are governed largely by the rules relating to contracts. *Alford v. Alford*, 487 S.W.2d 429, 432 (Tex.Civ.App.—Beaumont 1972, writ dism'd w.o.j.). Therefore, the agreement incident to divorce continued to exist as a separate and distinct source of liability. *Lee v. Lee*, 509 S.W.2d 922, 924 (Tex.Civ. App.—Beaumont 1974, writ ref'd n.r.e.). We conclude that, unless the parties compromised the agreement incident to divorce at the October 13, 1983, hearing, the husband was still obligated to pay $1,000 per month in child support.

TEX.R.CIV.P. 11 states that "[n]o agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." No evidence of a written agreement was before the trial court. Furthermore, there was no evidence of an agreement made in open court and entered of record modifying the agreement incident to divorce. We conclude, therefore, that the obligation to pay $1000 per month under the agreement incident to divorce continued to exist undisturbed. We overrule appellant's first point of error.

In his second point of error, the husband contends that the trial court was in error in failing to hold that his discharge in bankruptcy acted to bar the wife's claim for contractual child support. On September 23, 1981, the Bankruptcy Court in the United States District Court for the Northern

District of Texas released the husband from all dischargeable debts. The Bankruptcy Act, however, specifically states that any debt to a spouse, former spouse, or child of a debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record *or property settlement agreement* is not discharged in bankruptcy. 11 U.S.C.A. § 523(a)(5) (West Supp.1984) (emphasis added). To escape this provision, the husband directs our attention to the Bankruptcy Act, 11 U.S.C.A. § 523(a)(5)(B) (West 1979), which provides that such a debt is dischargeable to the extent that such debt includes a liability designated as alimony, maintenance or support, unless such liability is actually in the nature of alimony, maintenance or support.

We begin our inquiry into whether the $1,000 per month child support payments were in the nature of support of a child by considering the text of the agreement. The relevant portion of the agreement incident to divorce reads as follows:

### SUPPORT OF CHILD

7.01 Cash Payments. The parties agree that WILLIAM JAMES RUHE, JR., shall pay to ELIZABETH JANE RUHE child support in the amount of $1,000.00 per month, with the first payment being due and payable on the 15th day of June, 1981, and a like payment being due and payable on the same day of each month thereafter until the child reaches the age of 18 or is otherwise emancipated; provided, however, that if ELIZABETH JANE RUHE should move from the State of Texas, establishing her domicile and that of MICHAEL JAMES RUHE in a State other than Texas, WILLIAM JAMES RUHE, JR., shall then pay to ELIZABETH JANE RUHE reduced child support in the amount of $750.00 per month, with the first reduced payment being due and payable on the 15th day of the calendar month following the aforementioned change of domicile and a like payment being due and payable on the same day of each month thereafter until the child reaches the age of 18 or is otherwise emancipated. It is the intent of the parties that the aforementioned reduced child support payments of $750.00 per month apply only during such times as ELIZABETH JANE RUHE and MICHAEL JAMES RUHE are domiciled without the State of Texas, and in the event that ELIZABETH JANE RUHE should establish her domicile and that of MICHAEL JAMES RUHE in a state other than Texas and then subsequently move again, back to the State of Texas, re-establishing her domicile and that of MICHAEL JAMES RUHE in the State of Texas, then at such time as her domicile and that of MICHAEL JAMES RUHE has been re-established in the State of Texas, WILLIAM JAMES RUHE, JR., shall again begin to pay to ELIZABETH JANE RUHE child support in the amount of $1,000.00 per month in accordance with this paragraph hereinabove.

■ The husband argues that, because the state court ordered child support to be reduced to $320 per month, the contractual child support is in the nature of support only to the extent of $320. However, what constitutes alimony, maintenance or support in connection with discharge in bankruptcy is to be determined under the bankruptcy laws. *In re Burns*, 21 B.R. 909, 912 (Bankr.W.D.Okla.1982). *Burns* points out that under the bankruptcy laws "it is the underlying purpose of the debt itself that is the key factor in determining dischargeability." 21 B.R. at 912. Therefore, in determining whether a debt to a former spouse is in the nature of alimony, maintenance or support, the court must look behind the designation assigned by a state court, or by the parties themselves, as to whether or not a particular obligation was in the nature of support or a property settlement, and to determine the true nature of the obligation. *Parisi v. White*, 26 B.R. 572, 574 (Bankr.R.I.1983).

■ With this test in mind, we turn to the relevant factors in determining wheth-

er payments are in the nature of support. Whether the payments are made contingent upon conditions reflecting a need for support is one relevant factor. *Cf. Warren v. Taff,* 10 B.R. 101, 104 (Bankr.Conn.1981) (holding that the failure to condition a transfer on death or remarriage of the wife was a factor showing that the transfer was not in the nature of alimony). In the present case the child support payments of $1,000 were to be made monthly "until the child reaches the age of 18 or is otherwise emancipated." Therefore, the factor of conditioning payments on a contingency relevant to support weighs in favor of treating the payments as in the nature of support.

Whether there is a separate section of a property agreement providing support to a child apart from the contested section is also a relevant factor in determining whether a particular agreement is in the nature of support. *Nelson v. Mineer,* 11 B.R. 663, 665 (Bankr.Colo.1981). It is true that other sections of the agreement incident to divorce did provide that the husband would pay for orthodontic braces for the child, undergraduate college education of the child, and life insurance on the husband's life with the child named as beneficiary. However, no other part of the agreement incident to divorce provides for the day-to-day support of the child. Consequently, this factor also weighs in favor of treating the $1,000 per month child support payments as being in the nature of support.

Whether a claimant has custody of the child and the structure of the property agreement are also relevant factors in determining whether a particular agreement is in the nature of support. *Petoske v. Petoske,* 16 B.R. 412, 414 (Bankr.E.D.N.Y. 1982). Both of these factors also weigh in favor of treating the $1,000 per month child support payments as being in the nature of support. The agreement incident to divorce and the decree of divorce made the wife managing conservator of the child and made the husband possessory conservator of the child. Additionally, the structure of the agreement reveals that the

$1,000 per month child support payments were not a disguised property settlement. The agreement has separate sections for the division of assets, the division of employee benefits, the Federal Income Tax liabilities, and support of the child. Section 2 of the agreement also shows that the child support provision did not cross over into the overall property settlement. Section 2 is entitled "PURPOSE OF AGREEMENT" and has two subsections; one section is entitled "Property Settlement" and the other is entitled "Conservatorship and Support of the Child." The parties clearly evinced an intent that the division of the property was separate and distinct from the support of the child.

The federal courts have enumerated several factors upon which to test the purpose of agreements incident to divorce. Although no one factor is controlling, *Petoske,* 16 B.R. at 413, we conclude that the circumstances show the $1,000 per month contractual child support payments to be in the nature of support and, therefore, exempt from discharge in Bankruptcy under section 523(a)(5). We overrule the husband's second point of error.

Affirmed.