Carl Eugene HUCKEBY, Appellant,

v.

Mary Katherine
LAWDERMILK, Appellee.

No. 11–86–001–CV.

Court of Appeals of Texas,
Eastland.

April 10, 1986.

Harold Phelan, Phelan, Moreland & Phelan, Levelland, for appellant.

Hardy L. Wilkerson, Jones & Associates, Big Spring, for appellee.

RALEIGH BROWN, Justice.

This case involves venue and modification of child support.. Mary Katherine Lawdermilk filed these proceedings in the District Court of Hockley County, the court of original jurisdiction of the divorce, against Carl Eugene Huckeby, her former husband. The matter was transferred to the District Court of Howard County, the residence for six months prior to the filing of the suit of the minor child whose interest the matter concerns. After a hearing, an order was entered increasing the child support payments to $250 per month and ordering the payment of $1,500 attorney's fees against Carl Eugene Huckeby. He appeals. We affirm.

Huckeby urges three grounds of error. He contends: (1) that the Hockley County District Court erred in transferring the case; (2) the Howard County District Court erred in modifying the contractual agreement entered into pursuant to TEX.FAM. CODE ANN. sec. 14.06 (Vernon 1975 and Pamph.Supp.1986); [1] and (3) the evidence was insufficient to authorize modification retroactively to the time of filing the motion to modify.

---

1. Section 14.06 states that:

(a) To promote the amicable settlement of disputes between the parties to a suit under this chapter, the parties may enter into a written agreement containing provisions for conservatorship and support of the child, modifications of agreements or orders providing for conservatorship and support of the child, and appointment of joint managing conservators.

(b) If the court finds the agreement is not in the child's best interest the court may request the parties to submit a revised agreement or the court may make orders for the conservatorship and support of the child.

(c) If the court finds that the agreement is in the child's best interest, its terms shall be set forth in the decree and the parties shall be ordered to perform them.

(d) Terms of the agreement set forth in the decree may be enforced by all remedies available for enforcement of a judgment, including contempt, but are not enforceable as contract terms unless the agreement so provides.

It is uncontroverted that the child resides with Lawdermilk, her mother. Their residence is in Howard County and had been for a period in excess of six months prior to the institution of these proceedings. Prior to their divorce, Lawdermilk and Huckeby entered into an agreement incident to divorce pursuant to Section 14.06 that provided in part for Huckeby to pay the sum of $100 per month to support the child. The agreement provided that it would survive the judgment and either party could enforce the agreement by an action in contract and "by issuance of process by the court granting the divorce." We note that Lawdermilk is seeking an increase in child support payment. She does not contend that Huckeby has breached the agreement.

At oral argument, Huckeby conceded as to Point of Error No. 1. He acknowledges that said point is controlled by *Leonard v. Paxson*, 654 S.W.2d 440 (Tex.1983) which states:

> The underlying proceeding is a motion to modify the child support provisions of a divorce decree, not a suit on a contract. Sheryl does not allege that Morton has breached the Agreement, nor does she seek a money judgment for support payments due her under the contract. In this situation, the provisions of article 1995(5) are not applicable. Instead, the mandatory venue and transfer provisions of the Family Code control and cannot be negated by contract. To hold otherwise would defeat the legislature's intent that matters affecting the parent-child relationship be heard in the county where the child resides, and would promote forum shopping by contract. *Cassidy v. Fuller*, 568 S.W.2d [845] at 846.

The first point of error is overruled.

Huckeby argues in his second point of error that Lawdermilk attempts to evade provisions of Section 14.06 and to avoid the application of contract law. He contends that since the parties have entered a contract under the provisions of Section 14.06, this is a suit to enforce a contract. He cites *Adwan v. Adwan*, 538 S.W.2d 192 (Tex.Civ.App.—Dallas 1976, no writ) and *Carson v. Korus*, 575 S.W.2d 326 (Tex.Civ. App.—San Antonio 1978, no writ), in support of his contention. A determination must be made as to whether the execution of such a contract has such finality. Section 14.06 neither states nor implies that if the contractual enforcement remedy is preserved that the court's power to modify it is excluded or extinguished. One of the primary objectives of the Family Code is to provide the trial court with continuing power to provide for the best interest of the child. The construction of the agreement advanced by Huckeby would effectively deny a court the power to modify conservatorship and child support provisions, even when a change of circumstances necessitates a modification of an order affecting the child. We disagree with *Ruhe v. Rowland*, 706 S.W.2d 709 (Tex.App.—Dallas 1986, no writ), wherein it holds that:

> The court did not have authority to modify the terms of the settlement agreement relating to child support in the absence of fraud, accident or mistake except by consent of the parties.

In the instant case, Lawdermilk sought such a modification of a support order. She did not seek to enforce the terms of the contract between herself and Huckeby. The cases cited by Huckeby reflect that the relief sought in those cases was to enforce the terms of a support agreement. We hold that the trial court did not err in modifying the support order. The second point of error is overruled.

In passing on Huckeby's challenge to the sufficiency of the evidence to authorize modification of the support payment retroactively to the time of filing the motion to modify, we must consider all the evidence regarding such authorization. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

Lawdermilk testified as to the difference between the cost of rearing one child for a month in 1976, the date of the original divorce, and the present and testified as to specific needs of the child presently as dif-

fering from her former needs. Lawder-milk testified without objection as follows:

Q. Are you asking the Court to increase the amount of child support that Carl Huckeby pays?

A. Yes, I am.

Q. And what figure are you asking that he be ordered to pay?

A. I'm asking the Court that he pay $350.00 a month.

Q. And he is paying what now?

A. He is paying $100.00 a month.

Q. Has it been changed since 1976?

A. No, sir.

Q. Do you want the Court to order that beginning now, or beginning with when the motion was filed?

A. I would like it to be retroactive back whenever I first asked for the motion, that's been a little over a year ago.

Q. Mrs. Lawdermilk, do you need the money to be retroactively ordered, or are you just asking for it to be punitive against Carl?

A. Do I need the money?

Q. Yes.

A. Carol could certainly use the money, yes.

We hold that such evidence is sufficient to authorize modification of the support payments retroactively to the time of the filing of the motion. The third point of error is overruled.

■ Lawdermilk urges two cross-points: (1) that the trial court erred in failing to award attorney's fees to her in event of appeal; and (2) that the trial court erred in overruling her motion to reform the judgment and her motion for new trial concerning the failure to make such award.

The trial court filed findings of fact and conclusions of law which included the finding that "Reasonable attorney's fees for Movant's attorney are $1,500" and the conclusion that "Respondent should pay reasonable fees to Movant's attorney, Guilford L. Jones, III, for his services in preserving

and protecting the interest of the child, as set forth in the judgment."

An award of attorney's fees in an action affecting parent-child relationship, as authorized by statute, is within the discretion of the trial court. *Wolters v. White*, 659 S.W.2d 885 (Tex.App.—San Antonio 1983, writ dism'd); *Havis v. Havis*, 657 S.W.2d 921 (Tex.App.—Corpus Christi 1983, writ dism'd); *Neal v. Neal*, 606 S.W.2d 729 (Tex. Civ.App.—Beaumont 1980, writ ref'd n.r.e.). As stated by the court in *Fowler v. Stone*, 600 S.W.2d 351 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ):

Courts have uniformly held that any award of attorney's fees, pursuant to statute or under common law, is within the discretion of the trial court. Absent a showing of an abuse of discretion, the award or failure to award fees will not be disturbed on appeal. *Stegall v. Stegall*, 571 S.W.2d 564 (Tex.Civ.App.—Fort Worth 1978, no writ); *Magids v. Dorman*, 430 S.W.2d 910 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r. e.).

We hold that there is no showing of such an abuse in the instant case. Lawdermilk's cross-points are overruled.

The judgment is affirmed.