Donna Kay WOODLEY, Appellant,

v.

James Robert BRUTON, Appellee.

No. 11–89–284–CV.

Court of Appeals of Texas,
Eastland.

Sept. 20, 1990.

Rehearing Overruled Oct. 18, 1990.

Dana Smith, Brownwood, for appellant.

Scott D. Allen, Stephenville, for appellee.

OPINION

DICKENSON, Justice.

Donna Kay Woodley [1] and James Robert Bruton were married on December 16, 1966, and they were divorced on February 6, 1982. They had two children,[2] and pursuant to an "agreement incident to divorce," the decree of divorce named Donna as managing conservator of both children and ordered James to pay child support in the total amount of $200.00 per month. In 1989 the Texas Legislature amended the Texas Family Code to provide for child support guidelines.[3] Donna promptly filed a motion to modify the decree of divorce by increasing the amount of the court-ordered child support payments. Following a non-jury hearing on September 5, 1989, her motion to modify was denied. Donna appeals. We affirm.

### Points of Error

Appellant argues in four points of error that the trial court erred and abused its discretion. All of these points have been considered, and each is overruled. The first point is overruled because the trial court did not err in holding that TEX.FAM. CODE ANN. § 14.06(d) (Vernon 1986) was applicable. The second point is overruled because the trial court did not abuse its discretion in denying appellant's motion to increase appellee's court-ordered child support obligation. The father should be rewarded, not punished, for voluntarily paying substantially more than he was required to pay by the agreement and by the decree of divorce. The last two points are overruled because the trial court did not err in holding that appellant failed to establish by a preponderance of the evidence a material and substantial change in the circumstances of the children, appellant, or appellee since the date of the divorce which would warrant or justify any increase in the court-ordered amount of child support payments, and this finding is not contrary to the great weight and preponderance of the evidence.

### Findings of Fact and Conclusions of Law

The trial court made findings of fact which include the following:

3. On January 28, 1982, Movant, Donna Kay Woodley, and Respondent, James Robert Bruton, executed an Agreement Incident to Divorce containing the following provisions with regard to the support of the children:

6.01 *Cash Payments.* The parties agree that James Robert Bruton shall pay to Donna Kay Bruton child support in the amount of $200.00 per month, in two installments per month of $100.00 each, with the first installment due and payable on 1st day of February, 1982, and a like installment due and payable on each 15th and 1st day of the month thereafter until the date any child reaches the age of 18 or is otherwise emancipated. Thereafter, James Robert Bruton shall pay to Donna Kay Bruton child support in the amount of $100.00 per month, in two installments per month of $50.00 each, due and payable on each 1st and 15th day of the month until the next child reaches the age of 18 or is otherwise emancipated.

6.02 *Contract.* All provisions of this Section 6 shall be construed as a binding contract between the parties and as consent to a decree containing such term.

Such Agreement Incident to Divorce was fully incorporated by reference into the Decree of Divorce of the parties.

4. Although not ordered or requested to do so by the terms of the Decree of

---

1. During the marriage and at the time of divorce, she was Donna Kay Bruton. She is now married to Keith Woodley, and her name at this time is Donna Kay Woodley.

2. A daughter, Shannon René Bruton, who was born on December 3, 1971, and a son, Brian Keith Bruton, who was born on June 27, 1977.

3. Sections 14.052 through 14.058 were added to the Texas Family Code by Acts 1989, 71st Leg., ch. 617, sec. 6, effective September 1, 1989.

Divorce, Respondent, James Robert Bruton, has, since the date of the entry of the Decree, voluntarily carried medical and dental insurance coverage on behalf of the parties' children and paid all the premiums therefor.

5. Since the date of the entry of the Decree of Divorce, Respondent, James Robert Bruton, has consistently and voluntarily paid to Movant, Donna Kay Woodley, and contributed to the support of the parties' children in amounts in excess of the sum agreed to by the parties pursuant to the Agreement Incident to Divorce and ordered in the Decree of Divorce.

The trial court also found that James had paid an average of $636.19 per month as child support during 1989; that the net resources available to him pursuant to the child support guidelines in 1989 was $2,774.24 per month; and that if the guidelines were applicable his child support payments would be 25 percent of the net resources available to him or $693.56.

The trial court's conclusions of law include the following: the child support provisions in the agreement incident to divorce are contractual, binding, and enforceable; James has not breached that agreement; James has demonstrated by his voluntary payments that modification of the decree is not needed; Section 14.06(d) of the Family Code is applicable; and Donna failed to establish by a preponderance of the evidence any material or substantial change in circumstances which would warrant or justify any increase in the amount of the child support payments.

## Movant's Testimony

Donna agreed that James had always paid his child support payments and that he had voluntarily increased them. She also agreed that he had exercised his visitation privileges in a manner which met with her approval. Donna has remarried, and her new husband has helped her with the children.

Donna testified (as to a material and substantial change of circumstances since 1982) that it costs "much more" to raise the children. She did not go into any detail as to the circumstances which existed at the time of the divorce. On cross-examination she agreed that she was working for a lawyer, Jim Parker, at the time of her divorce and that she actually typed the agreement and divorce decree. She also agreed that her financial circumstances had increased since the divorce. Donna also admitted that James has done things for the children in addition to the child support, such as buying clothing and paying the insurance premiums on their daughter's car.

## Respondent's Testimony

James testified that he is the President of the Farmers & Merchants Bank in De-Leon. He has worked for that bank about 12 years. He remarried about two years before the modification hearing. He testified as to increases in income from 1982 through the date of the modification hearing on September 5, 1989, and to voluntary increases in his child support payments. That information may be summarized as follows:

| Year | Annual Income | Annual Child Support | Monthly Average Child Support |
|---|---|---|---|
| 1982 | $23,220.00 | $2,293.01 | $208.45 |
| 1983 | 27,476.80 | 2,774.00 | 231.16 |
| 1984 | 31,725.00 | 3,375.00 | 281.25 |
| 1985 | 36,300.00 | 4,923.00 | 410.25 |
| 1986 | 42,678.15 | 5,510.00 | 459.16 |
| 1987 | 42,400.00 | 5,065.75 | 422.08 |
| 1988 | 51,180.00* | 6,676.00 # | 556.33 |
| 1989 (part) | 46,320.00 | 4,453.36 | 636.19 |

*including a one-time bonus of $5,000.00.
# plus $3,088.04 for the car which their daughter bought.

James also testified that he did not intend to reduce his child support payments and that he intended to increase the amount of support, regardless of what the court does. He said that he intends to "take care of [his] kids." James said that he did not hire a lawyer at the time of their divorce and that he signed the agreement that she and her lawyer prepared. He signed the agreement in good faith and has abided by all of the terms of the contract.

## Modification of Prior Order

TEX.FAM.CODE ANN. § 14.056 (Vernon Supp.1990) states that the trial court "may consider" the new child support guidelines in ruling on motions to modify

child support orders entered before the adoption of the guidelines and also that if the current child support is not in substantial compliance with the guidelines, "this may warrant a modification." This Section also states:

> However, an increase in the needs, standard of living, or lifestyle of the obligee since the rendering of the existing order does not warrant an increase in the obligor's child support obligation.
>
>    \*      \*      \*      \*      \*      \*
>
> The history of support voluntarily provided in excess of the court order does *not* constitute cause to increase the amount of an existing child support order. (Emphasis added)

TEX.FAM.CODE ANN. § 14.06 (Vernon 1986 and Supp.1990) provides in relevant part:

> (a) To promote the amicable settlement of disputes ... the parties may enter into a written agreement containing provisions for conservatorship and support of the child.
>
> (b) If the court finds the agreement is not in the child's best interest the court may ... make orders for the conservatorship and support of the child.
>
> (c) If the court finds that the agreement is in the child's best interest, its terms shall be set forth in the decree and the parties shall be ordered to perform them.
>
> (d) Terms of the agreement set forth in the decree may be enforced by all remedies available for enforcement of a judgment, including contempt, but are not enforceable as contract terms unless the agreement so provides.

Appellant cites this Court's opinion in *Huckeby v. Lawdermilk*, 709 S.W.2d 331 (Tex.App.—Eastland 1986, no writ), in support of her argument that the trial court erred in refusing to modify the child support agreement which had been incorporated into the decree of divorce. In *Huckeby*, supra at 333, this Court stated:

> Section 14.06 neither states nor implies that if the contractual enforcement remedy is preserved that the court's power to modify it [prior court order] is excluded

or extinguished. One of the primary objectives of the Family Code is to provide the trial court with continuing power to provide for the best interest of the child. The construction of the agreement advanced by Huckeby would effectively deny a court the power to modify conservatorship and child support provisions, even when a change of circumstances *necessitates* a modification of an order affecting the child. We disagree with *Ruhe v. Rowland*, 706 S.W.2d 709 (Tex. App.—Dallas 1986, no writ), wherein it holds that:

> The court did not have authority to modify the terms of the settlement agreement relating to child support in the absence of fraud, accident or mistake except by consent of the parties.
>
>    \*      \*      \*      \*      \*      \*

We hold that such evidence [of change in circumstances] is sufficient to *authorize* modification of the support payments. (Emphasis added)

We adhere to our holding in *Huckeby* that a trial court has the power to modify child support payments regardless of any contractual agreements when and if the modification is necessary to protect the best interests of the children. In *Huckeby* we held that the evidence was sufficient to support the trial court's decision to modify the child support obligation. In this case we hold that the evidence is sufficient to support the trial court's decision not to modify the child support obligation. Appellant has not shown that the trial court abused its discretion in denying her motion to modify the child support orders in the decree of divorce.

The judgment of the trial court is affirmed.