Rebecca Kay WOODALL, Appellant,

v.

Steven WOODALL, Appellee.

No. A14–92–00121–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 24, 1992.

Rehearing Denied Oct. 22, 1992.

that appellant was not with him on the night of the shooting.

William S. Cox, Houston, for appellant.
Ray Epps, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from the trial court's order decreasing appellee's monthly child support obligation. Rebecca Kay Woodall, appellant, and Steven Woodall, appellee, entered into a contractual divorce decree which was signed and entered by the 328th District Court on March 19, 1985. By the terms of their agreement, Steven Woodall was obligated to pay $2,000 per month in child support to appellant for the benefit of his five children. Additionally, he was required to pay all of the uninsured health care expenses incurred by the children.

In October of 1990, appellee filed a motion to modify his support obligations due

to a decrease in his earned income. Following a non-jury trial, the court granted the motion reducing the monthly payments from $2,000 to $1,260, and reducing the uninsured health care costs payable by appellee from 100 percent to 50 percent.

Appellant urges nine points of error. In points two, four and eight, she asserts the evidence was insufficient to support the trial court's findings. Points three, five and nine assert the trial court's findings were against the great weight and preponderance of the evidence. To properly challenge an adverse finding upon which the opposing party had the burden of proof, the complaining party should assert there is "no evidence" to raise a legal sufficiency point of error, and there is "insufficient evidence" to raise a factual sufficiency point.

We assume appellant intended to challenge both the legal and factual sufficiency of the evidence. In reviewing the legal sufficiency of the evidence, we must consider only the evidence and inferences tending to support the trial court's findings, and disregard all evidence and inferences to the contrary. *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 227 (Tex.1990). If there is any evidence of probative value which supports the finding, the no evidence point of error must be overruled. *Id.; Garcia v. Insurance Co. of Pa.*, 751 S.W.2d 857, 858 (Tex.1988) (per curiam).

■ In order to obtain a decrease in his child support obligations, appellee had to prove a material and substantial change after the initial support decree was rendered. TEX.FAM.CODE ANN. § 14.08(c)(2) (Vernon Supp.1992). At trial, appellee testified his annual income at the time of the divorce was $82,600. Since then, he testified, his yearly income has decreased to approximately $33,000. He also testified that his monthly income had decreased from about $6,200 in 1984, to $3,691 at the time of trial.

As a result of his decreased income, appellee was spending approximately 71% of his monthly income on child support, alimony and the children's medical expenses. Appellee testified that the children's uninsured medical expenses sometimes cost as much as $700 per month. Documentation of appellee's income and expenses were introduced into evidence. Appellee's testimony, and the exhibits offered at trial, constitute some evidence of a material and substantial change in circumstance. Points of error two, four and eight are overruled.

■ In reviewing the factual sufficiency of the evidence, we must consider and weigh all the evidence. The trial court's findings can be set aside only if they are so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986) (per curiam). Appellee's testimony and exhibits showed his earned income had been reduced by $2,916 per month. This reduction was attributable to a loss of interest income on a loan appellee had made to his own business. When the business fell upon hard times, he chose to forgo receiving interest on the loan.

Appellant argues that this reduction in income should not be considered since it was "voluntary." However, appellee testified that the decision to forgo the interest payments was part of an agreement reached with his creditors in an effort to keep the business afloat. Since there was no evidence appellee's income reduction was designed to obtain a decrease in his child support obligation, the voluntary nature of the decision is not determinative. *Casterline v. Burden*, 560 S.W.2d 499, 501 (Tex.Civ.App.—Dallas 1977, no writ).

■ Although his earned income was reduced, the evidence at trial indicated appellee's net worth was $328,600. In fact, appellant's expert testified that appellee's average monthly balance in his personal checking account from January through May of 1991 was $7,404. On cross examination of the expert, it was established that appellant had transferred $12,100 into his checking account from a savings account. The expert also stated appellee received a $1,000 gift each month from his parents. Appellee had received larger gifts and loans from his parents as well. While the

evidence showed appellee's earned income had decreased, it appears he has substantial resources available.

To the contrary, the evidence showed appellant had only minimal resources available. She has been unable to find a job since the divorce due to medical problems. The property she received in the divorce settlement has been spent. She has no savings. Appellant's monthly income is limited to $1,000 in contractual alimony, the child support payments, and $638 from a note receivable.

The trial court granted appellee's motion to modify, reduced his monthly payments to $1,260, and lowered his obligation to pay uninsured medical expenses from 100 percent to 50 percent. Although the evidence indicates the appellee could meet his $2,000 payments, we cannot say the trial court's determination was so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. While this Court may well have reached a different result, we cannot substitute our opinion for that of the trier of fact. *Herbert v. Herbert*, 754 S.W.2d 141, 144 (Tex.1988). The trier of fact is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Bolin Development Corp. v. Indart*, 803 S.W.2d 817, 821 (Tex.App.—Houston [14th Dist.]), *writ denied per curiam*, 814 S.W.2d 750 (Tex.1991). Points three, five and nine are overruled.

■ Points one and seven allege the trial court abused its discretion in failing to include "gifts" in computing appellee's net resources available for the payment of child support. Gifts are excluded from "net resources" by the plain language of the Family Code. TEX.FAM.CODE ANN. § 14.053(b) (Vernon Supp.1992). Since gifts generally are not received on a regular basis, it would be unwise to require their inclusion in computing available resources.

The trial court *may*, but is not required to consider additional factors which increase the obligor's ability to pay child support. TEX.FAM.CODE ANN. § 14.053(e) (Vernon Supp.1992). Likewise, § 14.-052(b)(3) provides that the trial court *may* consider any financial resources available for the support of the child. TEX.FAM.CODE ANN. § 14.052(b)(3) (Vernon Supp.1992). The Family Code gives the trial court broad discretion in determining the obligor's net resources.

Furthermore, the record does not show that the trial court failed to consider appellee's net worth in reaching its decision. Since no findings of fact and conclusions of law were requested or filed, it is implied that the trial court made all findings necessary to support its judgment. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990); *Lemons v. EMW Mfg. Co.*, 747 S.W.2d 372, 373 (Tex.1988). Although the judge made several comments during trial, which indicated gifts are not included in calculating net resources available, these statements are not a substitute for findings of fact and conclusions of law. *In the Interest of W.E.R.*, 669 S.W.2d 716, 716 (Tex.1984); *Crapps v. Crapps*, 546 S.W.2d 909, 911 (Tex.Civ.App.—Austin 1977, no writ). Points one and seven are overruled.

■ Finally, appellant argues that the trial court erred in reducing appellee's obligation to pay the children's uninsured medical expenses. Appellant contends the agreement to pay 100% of these expenses was part of a contractual property settlement, and that the trial court abused its discretion by modifying its terms. However, the provision requiring appellee to pay these medical expenses is contained under section 8.04 of the divorce decree which is entitled "Child Support Payments." Section nine of the decree contains the parties' property settlement. Although the *entire* divorce decree is contractual, appellant does not argue that the court lacked authority to modify the monthly child support payments.

The trial court is authorized by § 14.-08(c)(2) of the Family Code to modify its previous decree providing for child support. TEX.FAM.CODE ANN. § 14.08(c)(2) (Vernon Supp.1992). The fact that the divorce decree was contractual, and enforceable as a contract, does not preclude the trial court

from modifying its terms. Appellant's sixth point of error is overruled.

There is some authority for the proposition that a party who obtains a modification decreasing its contractual child support obligations may still be liable under the contract for the amount originally agreed upon. *Ruhe v. Rowland*, 706 S.W.2d 709, 710 (Tex.App.—Dallas 1986, no writ); *Hill v. Hill*, 819 S.W.2d 570, 571 (Tex.App.—Dallas 1991, n.w.h.). The *Ruhe* decision holds that the contractual duty to pay child support is not affected by a court order reducing the payments. *Ruhe* at 710. In *Hill*, the Dallas Court of Appeals limited the *Ruhe* holding to cases in which child support obligations under an agreed order are *decreased* by the trial court. *Hill* at 572. Since appellant did not file a counterclaim for breach of contract, we do not rule upon this issue.

Accordingly, the judgment of the trial court is affirmed.