**Affirmed and Majority and Concurring Opinions filed October 1, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00440-CV

## IN THE INTEREST OF L.R. AND A.R., Children.

**On Appeal from the 300th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 48170**

## M A J O R I T Y   O P I N I O N

The mother of two minor children, L.R. and A.R., appeals the denial of her petition to modify the parent-child relationship. In a single issue, she contends that the trial court abused its discretion when it denied her discovery request for documents that she claims are relevant to the financial resources of the children's father. *See* Tex. Fam. Code Ann. §§ 154.062, 154.067 (West 2008 & Supp. 2012).

The father argues that, under the law-of-the-case doctrine, we need not address the mother's discovery issue because we resolved it in a prior mandamus

proceeding. We conclude that our mandamus opinion did not address the merits of the mother's discovery request and therefore is not dispositive here. Nonetheless, we conclude that any error in denying the mother's discovery request was harmless because, given the facts presented at trial, the evidence that the mother sought could not have altered the trial court's judgment. We therefore affirm.

### BACKGROUND

L.R. and A.R.'s parents divorced in 2009, when the children were twelve and eleven years old. The parents' divorce decree gave the father the exclusive right to designate the children's primary residence and made him responsible for the children's medical expenses. The decree did not require either parent to pay child support.

The mother filed this action to modify certain provisions in the divorce decree. Among other things, she wanted the father to pay child support. To establish a change in the father's financial circumstances justifying a modification, the mother sought to discover certain financial documents relating to the company where the father worked.[1] In considering the discovery request, the trial court reviewed the documents in camera and determined that they "d[id] not show [the father's] earnings, potential earnings, share or interest in [the company]." It found the documents to be "irrelevant and not reasonably calculated to lead to the discovery of admissible evidence relating to [the father's] ability to pay child support."

The trial court denied the mother's discovery request, and the mother petitioned this court for a writ of mandamus. She asked that we order the trial

---

[1] Specifically, the mother requested the father's partnership agreement, a written agreement between the father's company and its parent, and financial statements for the father's company and its parent.

court to require production of the requested documents.  We denied the mother's petition.

Then the case was tried to a jury.  During the trial, the father testified that he could afford to pay up to $10,000 a month in child support—more than five times the maximum amount recommended in the child support guidelines.[2]  He said that he also could have afforded this amount when the parties initially divorced.  Based upon the father's ability to pay well over the recommended amount, the trial court excluded other evidence of the father's resources as irrelevant.

At the close of the mother's case, the trial court granted a directed verdict for the father.  It held that the mother had failed to introduce evidence meeting the statutory requirement that "the circumstances of the child or a person affected by the order ha[d] materially and substantially changed since . . . the date of the order's rendition."  Tex. Fam. Code Ann. § 156.401 (West Supp. 2012).

The mother now appeals but does not challenge the directed verdict.  Instead, she asserts in a single issue that the trial court abused its discretion in denying her discovery request.

## ANALYSIS

The father contends that we should affirm the trial court's judgment because: (1) the law-of-the-case doctrine requires us to affirm the trial court's discovery ruling based upon our prior denial of the mother's mandamus petition; (2) the trial court did not abuse its discretion by denying the discovery request; and (3) even if

---

[2] The guidelines presumptively apply only to $7,500 of the obligor's monthly net resources.  *See* Tex. Fam. Code Ann. §§ 154.125, 154.126 (West 2008 & Supp. 2012).  For a parent with two children, the presumptive support obligation is 25% of this maximum amount, or $1,875.  *See id*. § 154.125.

the trial court did abuse its discretion, any error was harmless.[3] We conclude that our mandamus opinion is not law of the case and does not bind us here, but that any error was harmless.

## I. Our mandamus opinion did not address the merits of the mother's discovery complaint and therefore the opinion is not law of the case.

Under the law-of-the-case doctrine, a decision rendered in a former appeal is generally binding in a later appeal of the same case. *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 182 (Tex. 2012). The doctrine's purpose is to streamline litigation by winnowing the issues in each successive appeal. *Id*. In this way, the doctrine promotes efficiency and uniformity in the decisionmaking process. *Id*. When applying the law-of-the-case doctrine, "the decision to revisit the conclusion is left to the discretion of the court under the particular circumstances." *City of Houston v. Jackson*, 192 S.W.3d 764, 769 (Tex. 2006). While the doctrine is not mandatory or jurisdictional, *see id.*, we exercise our discretion to consider it here because (1) the father has raised it; (2) we need not reach the merits of the mother's issue if the doctrine applies; and (3) this case provides an opportunity to address the doctrine's application in the mandamus context.

Denial of a mandamus petition does not necessarily establish law of the case. *See Chambers v. O'Quinn*, 242 S.W.3d 30, 32 (Tex. 2007). A writ of mandamus is discretionary, so its denial without comment on the merits does not prevent an appellate court from considering the matter in a subsequent appeal. *Id.* Here, the parties disagree about whether our mandamus opinion commented on the merits of

---

[3] The father also argues that the mother waived review of her issue by failing to brief it adequately. We have reviewed the mother's briefing and conclude that it complies sufficiently with Tex. R. App. P. 38.1 to allow us to review the mother's issue on the merits, which we do below.

the mother's discovery request. We conclude that it did not.

Our memorandum opinion denying the mother's petition briefly explained the nature of her discovery complaint, stated the standard for mandamus, and concluded: "On this record, [the mother] has not established that the trial court abused its discretion in its December 7, 2011 order denying discovery of the [financial] documents described therein." *In re Reynolds*, No. 14-11-01097-CV, 2012 WL 51028, at *1 (Tex. App.—Houston [14th Dist.] Jan. 10, 2012, orig. proceeding) (mem. op.) (per curiam). This conclusion is not a comment on the merits of the mother's petition because it does not explain our reasons for denying mandamus relief. *See Siemens AG v. Houston Cas. Co.*, 127 S.W.3d 436, 442 (Tex. App.—Dallas 2004, pet. dism'd) (denial of mandamus petition did not constitute law of the case where court stated that relator "failed to show itself entitled to the relief requested").

Moreover, the authorities we cited to support our conclusion demonstrate that we denied the mother's petition because she failed to provide an adequate record. First, we cited Texas Rules of Appellate Procedure 52.3(k) and 52.7. These rules relate to original proceedings and govern the record and the contents of a petition's appendices. Neither states substantive rules that would bear on the merits of the mother's discovery request. We also cited portions of two cases in which mandamus petitions were dismissed because the relators failed to produce an adequate record. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Le*, 335 S.W.3d 808, 814 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) ("[I]n the final analysis, this court cannot and will not find an abuse of discretion on an incomplete record.").

Our reliance upon authorities that discussed the mandamus record—rather than substantive discovery law—demonstrates that we dismissed the mother's

petition based upon the inadequacy of the record. Because our denial of the mother's mandamus petition did not comment on the merits, it is not law of the case and does not bind us here. *See Perry Homes v. Cull*, 258 S.W.3d 580, 586 (Tex. 2008). We therefore turn to the merits of the mother's appeal.

## II. Any error in denying the mother's discovery request was harmless.

In requesting the documents, the mother contended they were relevant because they would demonstrate (1) the father's ability to pay child support and (2) whether the value of the father's interest in the company where he worked had materially and substantially changed since the parties divorced. For purposes of our analysis, we will assume, without deciding, that the trial court erred by denying the request and that the documents would have demonstrated significant increases in both the father's ability to pay child support and the value of his interest in the company.[4] Even with these assumptions, however, the mother failed to establish that the trial court's denial of her discovery request was harmful.

If the trial court abuses its discretion in a discovery ruling, the complaining party must show harm on appeal to obtain a reversal. *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 667 (Tex. 2009). Harmful error is error that "probably caused the rendition of an improper judgment" or "probably prevented the appellant from properly presenting the case to the court of appeals." Tex. R. App. P. 44.1(a). The mother argues only the first type of harm here.[5]

---

[4] The documents the mother wished to discover are not in the appellate record, and a motions panel of this Court denied the mother's request that the documents be sealed and transferred to us for review.

[5] To the extent the mother's reply brief arguably raises the second type of harmful error, her initial brief failed to do so. Thus, we need not address it. *Brown v. Green*, 302 S.W.3d 1, 15 n.17 (Tex. App.—Houston [14th Dist.] 2009, no pet.). In any event, we disagree that any error by the trial court prevented the mother from demonstrating harm on appeal. As explained next, even if the appellate record had included documents showing that the father's financial resources increased, the record also shows that financial circumstances were not material to the initial

6

To explain why the denial of discovery did not cause an improper judgment, we begin with the relevant issue at trial and how the evidence that the mother sought would have fit in. The mother requested a modification because, she alleged, "the circumstances of the children, a conservator, or other party affected by the order to be modified h[ad] materially and substantially changed since the date of the signing of the order to be modified."

When such changes in circumstances occur, the Family Code permits child support and custody modifications. *See* Tex. Fam. Code. Ann. § 156.401. Because the mother requested the modification, she had the burden of demonstrating that circumstances had materially and substantially changed. *Rumscheidt v. Rumscheidt*, 362 S.W.3d 661, 667 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Determining whether a modification is necessary requires comparing the circumstances of the parents and children at the time of the initial order with the circumstances when modification is sought. *London v. London*, 192 S.W.3d 6, 15 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

The mother contends that the trial court's discovery denial harmed her because the trial court effectively excluded documents that would have established a material change in the father's financial circumstances. We disagree because the father's financial circumstances appear to have been immaterial to the parties' initial support order, so an increase in the father's resources alone could not have been a *material* change in circumstances for purposes of a modification.

When the parties initially divorced, both possessed significant resources, and neither was ordered to pay child support. There is no contention that the absence of child support resulted from either party's inability to afford it. Indeed, all evidence at trial was to the contrary. For example, the mother testified that she

order, and thus an increase alone would not support a modification of child support.

7

received over $3 million in the divorce settlement. The father, who had primary custody, testified that he could have afforded a support payment of up to $10,000 per month at all times since the divorce.

As a result, an increase in the father's resources alone could not have justified modifying the support arrangement. *Cf. Clark v. Jamison*, 874 S.W.2d 312, 320 (Tex. App.—Houston [14th Dist.] 1994, no writ) (where trial court's finding of changed circumstances could have referred only to the father's income increasing, trial court did not abuse discretion by declining to modify order). When the parties divorced, the father could have afforded $10,000 per month, but he was ordered to pay $0. Nothing in the record suggests that had the father been able to pay more than $10,000, an obligation of more than $0 would have been imposed.

Thus, even assuming that the denied discovery would have established an increase in the father's ability to pay, this would not mean that circumstances had "*materially* . . . changed since the date of the order's rendition." Tex. Fam. Code Ann. § 156.401 (emphasis added). Rather, such evidence would only demonstrate that a factor not material to begin with—the father's ability to pay substantial child support—had changed. We therefore reject the mother's argument that her lack of access to the requested documents prevented her from demonstrating a material change in the father's financial circumstances.

Of course, this does not mean that a change in income alone will never constitute a material and substantial change. Indeed, some cases suggest that it can. *See, e.g.*, *Holley v. Holley*, 864 S.W.2d 703, 707 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (where father's income increased, but opinion did not discuss any other changes, evidence sufficed to increase father's support obligation); *Woodall v. Woodall*, 837 S.W.2d 856, 859 (Tex. App.—Houston [14th

Dist.] 1992, no writ) (income reduction, without discussion of other changes, provided sufficient evidence to reduce obligation).[6]  In this case, however, the father's already substantial income was immaterial to the issue of child support on "the date of the order's rendition."  Tex. Fam. Code Ann. § 156.401.  We therefore hold that any increase in income, standing alone,[7] would also have been immaterial for purposes of the modification analysis.  As a result, we reject the mother's argument that the trial court's discovery denial probably resulted in the rendition of an improper judgment.  Because any error was harmless, we overrule the mother's issue.

## CONCLUSION

Having overruled the mother's sole issue, we affirm the judgment of the trial court.


/s/    J. Brett Busby
Justice


Panel consists of Chief Justice Frost and Justices Brown and Busby (Frost, C.J., concurring).

---

[6] But see *In re C.C.J.*, 244 S.W.3d 911, 916, 918 (Tex. App.—Dallas 2008, no pet.) (where father's income had increased, but "there [wa]s no evidence in the record of the financial circumstances of Mother or the children at the time of the divorce decree," trial court's finding of a material and substantial change not supported by the record).

[7] We note that the trial court, in granting a directed verdict, held that the mother introduced no evidence that any material circumstance had changed.  With the exception of her argument about discovery of the father's income, the mother does not challenge this ruling.