**Affirmed and Memorandum Opinion filed July 23, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00080-CV

---

**WILMA REYNOLDS, Appellant**

**V.**

**DAVID  REYNOLDS, Appellee**

---

**On Appeal from the 300th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 48170-K**

---

### M E M O R A N D U M   O P I N I O N

Appellant Wilma Reynolds appeals from the trial court's denial of her petition for a bill of review seeking to set aside and re-litigate the community property division contained in the decree of divorce ending her marriage to appellee David Reynolds.  Although Wilma raises two issues, we need only address her second, in which she contends that the trial court abused its discretion when it denied her bill of review petition.  We overrule this issue because (1) a bill

of review cannot be used as an additional remedy after an unsuccessful appeal; and (2) the only evidence of fraud offered by Wilma in support of her bill of review petition, if believed, would establish intrinsic fraud, which cannot support a bill of review. We therefore affirm the trial court's order denying Wilma's bill of review.

## BACKGROUND

David petitioned for divorce from Wilma in 2008. *Reynolds v. Reynolds*, No. 14-09-00720-CV, 2010 WL 3418209, at * 1 (Tex. App.—Houston [14th Dist.] Aug. 31, 2010, pet. denied). David is employed by QuantLab Financial, LLC. *Id.* During the 2009 trial on the issue of the division of the community estate, much of the dispute focused on QuantLab Trading Partners US, LLP (QTP) and QuantLab Incentive Partners I, LLP (QIP), David's interest in and income derived from those entities, and how those items should be divided in the divorce decree.

David testified that he is a limited partner in QTP and that he receives monthly income and the majority of his bonuses from QTP based on the profits earned through investments of the capital contributed by the limited partners. *Id.* Tim McInturf, outside counsel for one of the Quantlab entities, testified that David's interest in QIP was not vested at the time of trial and would vest in the future only if a capital event, such as QuantLab being sold, occurred. McInturf further testified that David's interest in QTP could be redeemed at any time because David participated in QTP solely at the discretion of QTP's general partner. McInturf also explained that if David's employment with QuantLab ended, his interest in QTP would be redeemed and his capital contribution of approximately $600,000 would be returned.

During the trial, David testified that he and Wilma had a Morgan Stanley investment account worth approximately $5 million. David asked the trial court to award him the entire interest in both QIP and QTP. To compensate Wilma for

2

David receiving the entire interest in QIP and QTP, David asked the trial court to award Wilma $3,220,874.74 out of the Morgan Stanley account and to award the remainder, approximately $1.8 million, to him.

The trial court accepted David's recommendation and divided the marital estate accordingly. *Id.* at *2. Within ten days of the trial court's signing of the divorce decree, David had transferred the $3,220,874.74 to Wilma's account and she had spent $1.7 million of that amount. *Id.*

Wilma appealed the trial court's division of the marital estate. *Id.* at *1. In that appeal, Wilma argued, among other things, that the trial court "failed to exercise its discretion properly in dividing the marital estate because the court denied her certain discovery and therefore lacked sufficient information on which to base its valuation." *Id.* This Court affirmed the trial court's divorce decree and division of the marital estate because we concluded Wilma was estopped from challenging the decree on appeal as a result of her acceptance of the benefits of the property division. *Id.* at *3.

Three years later, Wilma filed the bill of review at issue here, seeking to revisit the divorce decree's division of the marital estate. Wilma alleged that David had prevented her "from asserting rights to a greater share of the parties' marital estate than that awarded to [her] in the decree." Wilma went on to allege that "upon information and/or belief, [David] with the willful intent to defraud [Wilma], introduced false evidence and testimony regarding the value of the community estate."[1] Finally, Wilma asserted that she was entitled to a greater

---

[1] Wilma's bill-of-review allegations were based, at least in part, on her belief that documents she had sought in discovery after filing a petition for modification of the parent-child relationship would reveal that David had concealed documents, given false testimony, and introduced false evidence in the property division trial. *See In re L.R.*, 416 S.W.3d 675, 676 (Tex. App.—Houston [14th Dist.] 2013, no pet.). The documents were submitted to the trial court handling the modification proceeding for in camera inspection and after that inspection, the

share of the value of the parties' interest in QTP and QIP, a greater share of the bonuses earned through David's employment with QuantLab, and also a larger share of the assets deposited in banks and other financial institutions.

David filed an answer and also sought a *Baker-Goldsmith* hearing.[2] The trial court conducted the hearing, found that Wilma had failed to make a prima facie case, and signed an order denying the bill of review. Wilma, arguing the trial court's order was interlocutory, filed a motion asking the trial court to reconsider. After the trial judge was recused, a visiting judge conducted a hearing on Wilma's motion to reconsider. The visiting judge signed an order (1) confirming the original order denying Wilma's bill of review; and (2) denying all other relief requested in the case. This appeal followed.

### ANALYSIS

Wilma brings two issues on appeal. We need only address Wilma's second issue because it is dispositive of the appeal. Tex. R. App. P. 47.1. In that second issue, Wilma argues that the trial court abused its discretion when it denied her bill of review because she presented a prima facie case of a meritorious claim or defense at the *Baker-Goldsmith* hearing. Wilma specifically contends that extrinsic fraud impacted the trial court's valuation of the community estate's interest in QTP and QIP during the trial on dividing the marital estate. David argues in response that the trial court did not abuse its discretion because (1) Wilma previously appealed the divorce decree's division of the marital estate and

---

trial court found the documents were not relevant and denied Wilma's motion to compel seeking their production. *Id.* The trial court then granted David's motion for directed verdict, and Wilma appealed. *Id.* Wilma sought discovery of the same documents in the bill-of-review proceeding at issue here.

[2] *Baker v. Goldsmith*, 582 S.W.2d 404 (Tex. 1979) (authorizing a bill-of-review respondent to request a preliminary hearing to determine whether the bill-of-review petitioner has presented a prima facie case regarding the bill-of-review claim).

lost; and (2) Wilma did not present a prima facie case that extrinsic fraud had impacted the original divorce decree's division of the community estate's property. We agree with David.

## I.    Standard of review and applicable law

A bill of review is an equitable proceeding brought by a party to a former action who seeks to set aside a judgment that is no longer appealable or subject to a motion for new trial. *Baker*, 582 S.W.2d at 406. A bill of review is proper when a party has exercised due diligence to prosecute all legal remedies against a former judgment. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). Because of the fundamental policy favoring finality of judgments, there are narrow grounds for granting a bill of review. *Id.* A bill-of-review complainant must therefore plead and prove three elements: (1) a meritorious claim or defense; (2) that she was prevented from asserting by the fraud, accident, or wrongful act of her opponent or by official mistake; and (3) the absence of fault or negligence of the complainant. *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998). A bill of review may not be used as an additional remedy after one has made a timely, but unsuccessful appeal. *Rizk v. Mayad*, 603 S.W.2d 773, 776 (Tex. 1980).

When an appellate court is reviewing the grant or denial of a bill of review, every presumption is indulged in favor of the trial court's ruling, which will not be disturbed unless it is affirmatively shown that there was an abuse of judicial discretion. *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex. App.—Houston [14th Dist.] 2002, no pet.), *overruled in part on other grounds by, Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (en banc). The trial court abuses its discretion if it rules in an unreasonable or arbitrary manner, or without reference to any guiding rules or principles. *Id.*

**II.    The trial court did not abuse its discretion in denying Wilma's bill of review because she had unsuccessfully appealed the divorce decree.**

The facts discussed in the background section above show that Wilma was aware of the community estate's interests in QTP and QIP at the time of the property division trial, and the parties litigated the appropriate method to divide these interests. In his proposed division of the community estate, David asked the trial court to award him the community's entire interest in QTP while also proposing that the trial court award Wilma more than half of the Morgan Stanley investment account to equalize the division of the community estate. The trial court accepted David's proposal and included it in the final divorce decree.

Wilma then timely appealed the divorce degree to this Court. In that appeal, Wilma challenged the trial court's treatment of the community estate's interest in both QTP and QIP. *See Reynolds*, 2010 WL 3418209 at *1–*2. Wilma lost her appeal when we held that she was estopped from challenging the divorce decree's division of the marital estate because, by accepting the payment from David and promptly spending a significant portion of it, she had accepted the benefits of the divorce decree. *Id.* at *4.

After losing her appeal challenging the divorce decree's property division, Wilma filed this bill of review action. In this action, as explained above, Wilma again challenges the trial court's division of the marital estate, specifically the handling of the estate's interest in QTP and QIP.

A party cannot use a bill of review as an additional remedy after that party has made a timely, but unsuccessful, appeal because that party cannot demonstrate that she has been prevented from making a claim or defense. *Hatton v. Grigar*, No. 14-05-01053-CV, 2006 WL 3365494, at *4 (Tex. App.—Houston [14th Dist.] Nov. 21, 2006, no pet.) (mem. op.). That is exactly the situation we face here. The

6

question of how to divide Wilma and David's marital estate, including the estate's interest in QTP, was litigated in the trial court and resolved by the divorce decree. Wilma then timely appealed that issue to this Court. Wilma ultimately lost that appeal based on her acceptance of the benefits of the divorce decree. Because Wilma unsuccessfully appealed the divorce decree's property division, she cannot demonstrate that she has been prevented from making a claim or defense, an essential element of a bill of review. *Id.*; *see Rizk*, 603 S.W.2d at 776 (holding a party cannot use a bill of review as an additional remedy after an unsuccessful appeal because all of the party's claims and defenses were or could have been litigated in the original trial and appeal); *Lentino v. Frost Nat'l Bank*, No. 14-05-01179-CV, 2007 WL 2198827, at *2 (Tex. App.—Houston [14th Dist.] Aug. 2, 2007, pet. denied) (mem. op.) (same); *Nabelek v. Bradford*, No. 14-04-01177-CV, 2006 WL 915824, at *2 (Tex. App.—Houston [14th Dist.] Apr. 6, 2006, pet. denied) (mem. op.) (affirming denial of bill of review where party had timely but unsuccessfully appealed issues underlying challenged judgment and therefore had not been prevented from asserting claims or defenses).

Wilma attempts to avoid this outcome by arguing that "she did not unsuccessfully prosecute an appeal of the original divorce decree." Wilma also appears to argue that she did not unsuccessfully appeal the divorce decree's property division because we affirmed it based on an application of the acceptance-of-benefits doctrine. The premise for Wilma's argument appears to be that the acceptance-of-benefits doctrine is a jurisdictional rule, and a dismissal on jurisdictional grounds ordinarily is not an adjudication on the merits. *See e.g. F.M.G.W. v. D.S.W.*, 402 S.W.3d 329, 334 (Tex. App.—El Paso 2013, no pet.) ("The acceptance-of-the-benefits doctrine is a jurisdictional rule grounded on the constitutional authority of the courts."); *Ab-Tex Beverage Corp. v. Angelo State*

7

*University*, 96 S.W.3d 683, 686 (Tex. App.—Austin 2003, no pet.) (stating that plea to jurisdiction is a dilatory plea because it seeks to defeat a cause of action without regard to its merits).

We disagree with both of Wilma's arguments. Wilma unsuccessfully prosecuted an appeal because she filed an appeal with this Court challenging the property division, which we affirmed. *See Reynolds*, 2010 WL 3418209 at *1 ("In this divorce case, Wilma Reynolds challenges the trial court's division of the marital estate."). We also reject Wilma's contention that our acceptance-of-benefits rationale for ruling against her somehow wipes out her unsuccessful appeal. We previously have held that a divorce judgment may not be set aside by a bill of review when the complainant voluntarily accepted the benefits of the divorce judgment. *See Biggs v. Biggs*, 553 S.W.2d 207, 210 (Tex. Civ. App.—Houston [14th Dist.] 1977, no writ) (holding ex-wife's voluntary acceptance of benefits barred her bill of review challenging divorce decree's property division); *see also Chambers v. Texas Dept. of Transp.*, No. 05-13-01537-CV, 2015 WL 1756087, at *2–*3 (Tex. App.—Dallas Apr. 17, 2015, no pet.) (affirming trial court's order denying bill of review because complainant previously had appealed and lost based on application of sovereign immunity).[3] That rule forecloses Wilma's bill of review.

---

[3] Wilma also contends that this court's prior holding that she accepted the benefits of the divorce decree's property division should not bar her bill of review because (1) she accepted only a cash benefit, which she contends is an exception to the doctrine; and (2) her attack on the property division involved only a right to further recovery, another exception. We conclude these arguments challenge this court's prior determination that she accepted the benefits of the divorce decree's property division and should have been raised in the original appellate proceedings. See *Lentino*, 2007 WL 2198827, at *2 (rejecting bill of review because the claimant's claims and defenses were or could have been litigated in the underlying trial and appellate proceedings and were barred by res judicata).

8

**III. Wilma did not present prima facie evidence that the divorce decree's property division was impacted by extrinsic fraud.**

Even if Wilma's bill of review were not barred as a result of her prior unsuccessful appeal, she did not make a prima facie case of entitlement to relief by showing that she was prevented from presenting a meritorious claim or defense as a result of extrinsic fraud. In bill-of-review proceedings, fraud is divided into two categories: extrinsic and intrinsic. *King Ranch*, 118 S.W.3d at 752. Only extrinsic fraud will support a bill of review. *Id.*

Extrinsic fraud is fraud that denied a party the opportunity to fully litigate at trial all of the rights or defenses that could have been asserted. *Id.* Extrinsic fraud is wrongful conduct occurring outside of the challenged trial proceeding, which affects the manner in which the judgment is procured. *Montgomery v. Kennedy*, 669 S.W.2d 309, 312 (Tex. 1984). Extrinsic fraud prevents a real trial upon the issues presented, and it includes acts such as keeping a party away from court, making false promises of compromise, and denying a party knowledge of a lawsuit. *Id.*; *Boas v. Boas*, 221 S.W.3d 126, 131 (Tex. App.—Houston [1st Dist.] 2006, no pet.) Extrinsic fraud is collateral fraud in the sense that it must be collateral to the matter actually tried and not something that was actually or potentially in issue in the challenged trial. *Montgomery*, 669 S.W.2d at 312. Extrinsic fraud requires proof of some deception practiced by the adverse party that was collateral to the underlying action. *McIntyre v. Wilson*, 50 S.W.3d 674, 680 (Tex. App.—Dallas 2001, pet. denied).

Intrinsic fraud, on the other hand, relates to the issues that were presented and were or should have been settled in the former action. *King Ranch*, 118 S.W.3d at 752. Intrinsic fraud includes such things as fraudulent instruments, perjured testimony, or any matter that was presented to and considered by the trial

court in rendering the challenged judgment. *Id.* Intrinsic fraud will not support a bill of review because each party must guard against adverse findings on issues directly presented. *Id.* Issues underlying the challenged judgment are intrinsic and have no probative value on the fraud necessary to a bill of review. *Id.* Thus, "[a]s a matter of law, misrepresentation with respect to the value of known community assets does not alone constitute extrinsic fraud." *Rathmell v. Morrison*, 732 S.W.2d 6, 13 (Tex. App.—Houston [14th Dist.] 1987, no writ).

As discussed previously, Wilma was aware of the community estate's interests in QTP and QIP at the time of the property division trial, and the parties litigated the appropriate method to divide these interests. Indeed, Wilma concedes in her brief that she sought and was denied discovery of certain documents regarding these interests as part of the divorce proceeding. Wilma now alleges in her bill-of-review petition that during the divorce proceeding, David concealed evidence and "introduced false evidence and testimony regarding the value of the community estate." These allegations, even if we assume they are true, would constitute only intrinsic fraud because they concern matters at issue in the divorce proceeding. *See King Ranch*, 118 S.W.3d at 752. Because intrinsic fraud cannot support a bill-of-review proceeding, we conclude Wilma did not establish that she was prevented from asserting a meritorious claim or defense by the fraud of her opponent.

Having determined that Wilma previously appealed the divorce decree dividing the marital estate unsuccessfully, and that she did not make a prima facie case that extrinsic fraud impacted the underlying judgment, we hold that the trial court did not abuse its discretion when it denied Wilma's bill of review. We

overrule Wilma's second issue on appeal.[4]

## CONCLUSION

Having determined all issues necessary for the disposition of this appeal, we affirm the trial court's order denying Wilma's bill of review.


/s/    J. Brett Busby
           Justice


Panel consists of Chief Justice Frost and Justices Busby and Brown.

---

[4] Because we have decided that the trial court did not abuse its discretion when it denied Wilma's bill of review, we need not address Wilma's first issue on appeal challenging the trial court's orders denying Wilma discovery of certain financial information. Tex. R. App. P. 47.1.